145 So.2d 503 (1962)
Wilbur C. YOUNG, As Executor of the Estate of Daisy D. Brink, Appellant,
v.
Murray A. PYLE, Appellee.
No. D-73.
District Court of Appeal of Florida. First District.
June 5, 1962.
On Petition for Rehearing October 2, 1962.
Cliff B. Gosney, Jr., Daytona Beach, and Gurney, Gurney & Handley, Orlando, for appellant.
Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for appellee.
PER CURIAM.
Affirmed.
CARROLL, DONALD K., C.J., and STURGIS and RAWLS, JJ., concur.

ON PETITION FOR REHEARING GRANTED
PER CURIAM.
The appellant has timely filed a petition for rehearing of an order of affirmance *504 heretofore entered by this court in this appeal.
In his petition the appellant sets forth certain evidence and legal questions raised in the record which, he submits, were apparently overlooked when we entered our order of affirmance. Upon a further consideration of the record in the light of the contentions made in the petition, we have reached the conclusion that the petition should be granted, the order of affirmance vacated, and judgment appealed from reversed for a new trial.
The basic facts involved in this appeal are these:
The appellee's wife, joined by the appellee, filed in the Circuit Court for Volusia County a complaint seeking damages from the appellant's decedent for injuries sustained in an automobile collision in which the decedent's automobile crashed into the rear of the automobile of the plaintiff wife, who was seriously injured. The wife sought damages of $150,000 for her injuries and the appellee damages of $75,000 for medical expenses, damage to the automobile, and loss of consortium. The decedent's liability was established by agreement of counsel and a jury trial was held on the issue of damages only. The jury awarded damages in the amount of $5,000 for the appellee and $12,500 for his wife. On the defendant's motion for new trial, the court granted a new trial as to the appellee's wife on the ground that the verdict in her favor was arrived at by the jury as a result of a "quotient verdict." The court denied the motion for new trial as to the verdict for the appellee. A final judgment was then entered for the appellee in the amount of $5,000 plus costs, from which judgment the defendant has taken this appeal.
One of the main points urged by the appellant on this appeal is that the court erred in admitting evidence concerning certain female disorders and the resulting hysterectomy because no causal connection was legally established between the collision and such disorders. The appellant further contends that the only testimony concerning such a connection was the testimony of a medical witness for the plaintiffs in answer to a hypothetical question propounded by the plaintiffs' attorney, and that that question incorporated several assumptions of fact which were not supported by competent, substantial evidence.
We think that this point is well taken. It is firmly established in this and other jurisdictions that assumptions of fact in a hypothetical question asked of an expert witness must be based upon facts established by competent, substantial evidence. See Fekany v. State Road Department, 115 So.2d 418 (Fla.App. 1959), and 58 Am.Jur., Witnesses, Sec. 854.
A consideration of the evidence adduced at the trial convinces us that the hypothetical question objected to did include an assumption of critical facts not supported by the evidence. Since the answer to that question constitutes the only evidence as to the connection between the collision and the said disorders, the trial court erred in overruling the defense objection to the hypothetical question and in permitting the jury to consider the female disorders and the hysterectomy in assessing damages, which error we hold to be reversible error. While the testimony may have related primarily to the plaintiff wife's cause of action, the testimony was undoubtedly considered by the jury in determining the damages to be awarded to the husband for loss of consortium in his cause of action. The error in admitting that testimony, therefore, constitutes harmful error requiring a reversal of the judgment appealed from and the remand of the cause for a new trial.
An additional consideration is the fact that the husband's cause of action here is derivative in nature in relation to the wife's cause of action, and we think that, under the circumstances, it is more in keeping with the orderly administration of justice that *505 his derivative cause of action be tried together with the wife's cause of action on the retrial of the latter as ordered by the Circuit Court.
The judgment appealed from is reversed and the cause remanded for a new trial on the issues of damages only.
Reversed and remanded.
CARROLL, DONALD K., C.J., and RAWLS and STURGIS, JJ., concur.