PER CURIAM.
In an action at law, the trial court entered an order merely granting defendants’ motion to dismiss this cause for lack of prosecution in accordance with the provisions of section 45.19, Florida Statutes, F.S.A. Within the time provided by that statute, the plaintiffs filed their motion for reinstatement for alleged reasons of good cause. After hearing, the court found that good cause for reinstatement had not been shown, and it entered its order denying plaintiffs’ motion for reinstatement of the cause. Appellants-appeal from the latter order.
As was stated in National Surety Corp. v. Grahn, Fla.1952, 57 So.2d 457, the order of dismissal was not a final judgment from which an appeal could be prosecuted, and as further stated, when the trial court denies a petition for reinstatement, if the appellant be dissatisfied, a final judgment should be entered. It would then be in order for the appellant to file his notice of appeal from that final judgment. The order au- *537 -pealed from only denied the plaintiffs’ motion for reinstatement. It does not contain the necessary language of finality requisite to final judgment. Altiere v. Atlantic National Bank of West Palm Beach, Fla.App.1963, 155 So.2d 386. The order appealed from in this cause is not a final judgment. Appellees’ motion to/dismiss will be granted. An appropriate order will be entered.
SMITH, C. J., and KANNER and WHITE, JJ., concur.