WHITE, Acting Chief Judge.
Plaintiff appeals an adverse final judgment of 28 August 1963 entered after denial of her petition for reinstatement of the cause on 25 July 1963. A prior order of 15 May 1963 had dismissed the cause, an action at law, “without prejudice” for lack of prosecution.[1]
Before getting to the merits we note the defendant’s contention that the appeal is untimely because it was not taken from the order dismissing the cause dated 15 May 1963. This contention is without substance. The orders of 15 May 1963 and 25 July 1963 were interlocutory orders at law and therefore not appealable.[2] The petition was timely and the subsequent “final judgment” was properly made the subject of the notice of appeal. See Carn v. Quarles, Fla.App.1963, 157 So.2d 536; National Surety Corp. v. Grahn, Fla.1952, 57 So.2d 457.
Getting to the merits, the record discloses that the plaintiff filed her action as the surviving widow of Walter E. Reilly who died in an airplane crash. The original complaint was filed 28 April 1961 and the case was actively contested until 31 January 1962. Nothing more was “officially made of record” for one year and four days when, on 4 February 1963, the defendants moved for dismissal for want of prosecution.
*477 In response to the motion to dismiss the plaintiff submitted an affidavit of her Des Moines, Iowa, attorney, her own affidavit and a letter from the Rector of St. Mark’s Episcopal Church in Fort Lauderdale purporting to show that during the interim in question the plaintiff and her attorneys were in fact “actively engaged” in prosecuting the case. According to these instruments the involved airplane was operated by a student pilot and the plaintiff had encountered difficulty in ascertaining the identity and location of the deceased student pilot’s instructor. In first granting the motion to dismiss the cause without prejudice the trial court noted:
“A. That the last entry appearing in the court file prior to the docketing of defendants’ motion to dismiss on February 4, 1963, is the deposition of the plaintiff taken by the defendants on January 25, 1962, and filed on January 31, 1962.
“B. That the actions of the plaintiff and her counsel as reflected in the three exhibits aforesaid in seeking to discover the name of a witness is not an affirmative showing of such act as will stay the running of the one year period provided by said Section 45.19 (1). Railway Express Agency v. Hoagland (Fla.1952), 62 So.2d 756; Morrison v. Chambers (Fla.1955), 82 So.2d 594; and Davant v. Coachman Properties, Inc. (Fla.Appeals 1960), 118 So.2d 844 [80 A.L.R.2d 1396].
“C. That the ‘good cause’ to be shown by the plaintiff which would justify the Court in denying the motion to dismiss is the same as must be shown in order to have the case reinstated as provided by the last clause of the aforesaid Statute. Gulf Appliance Distributors, Inc. v. Long, et al. (Fla.1951), 53 So.2d [706] 707.
“D. That the plaintiff’s showing does not constitute good cause why the motion to dismiss should not he granted. May v. State (Fla.1957), 96 So.2d 126; Allen v. Gaither (Fla.Appeals 1959), 112 So.2d 855; Fort Walton Lumber Co. v. Parrish (Fla.Appeals 1962), 142 So.2d 346, and cases cited following finding (B) above.
“E. That this Court has not overlooked the recent unreported Supreme Court of Florida decision, filed April 24, 1963, being Case No. 31,943, Adams Engineering Co., Inc. v. Construction Products, Corporation, et al., [156 So.2d 497] which decision granted cer-tiorari and quashed the Third District Court decision in the case of the same style reported at 141 So.2d 300, which District Court decision is cited by defendant. The Supreme Court, in its decision, held that the activity of the appellant plaintiff in asking the Clerk, within the year’s limitation period, to set the cause on the trial docket, all of which appeared in the Court file and which facts were peculiarly within the knowledge of the trial judge, does constitute good cause within the meaning of the Statute.” (Emphasis added.)
Within thirty days the plaintiff petitioned for reinstatement inasmuch as the statute of limitations could be pleaded against a new action. At the hearing on the petition, testimony was taken from the Iowa attorney and the plaintiff as to the investigative activity and methods employed in “prosecuting” the case. The petition urges that the abatement statute does not place an attorney under the unreasonable obligation to file a pleading which he in good conscience feels to be improper in form and purpose merely to have the court records affirmatively reflect that the case is being prosecuted; that such a requirement would unreasonably burden a case record with work product information which otherwise could be demonstrated to the court should occasion require; and that *478 active prosecution[3] can be affirmatively shown although not specifically recorded.
At the conclusion of the hearing the court told the parties:
“As I announced previously at the hearing on the motion to dismiss, I would not dismiss this case for lack of prosecution unless I felt that I was compelled to. I feel the same way on the motion to reinstate. I would reinstate unless I feel I am compelled not to reinstate by reason of the authorities, which I will study.” (Emphasis added.)
The trial court accordingly denied the plaintiff’s petition for reinstatement, stating:
“(c) That the Court is mindful that the prior dismissal of this cause without prejudice and the denial of the petition for reinstatement in effect serves as a dismissal with prejudice inasmuch as the Statute of Limitations on the cause of action involving the death of the Plaintiff’s husband has run. The rigidness of the rule as this Court interprets it from the case law of the state falls with particular harshness upon the plaintiff widow and her two small children and does not appear to serve the legislative intent of the statute, to expedite litigation. This court would reinstate the cause if it could find any authority for doing so.” (Emphasis added.)
The question of whether or not a reinstatement for good cause shown must be based on a “record” showing of good cause is answered in the negative. As noted previously, Fla.Stat. § 45.19, F.S.A. provides for abatement of actions for lack of prosecution “in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted * * In Trustees of the Internal Improvement Fund of the State of Florida v. Toffel, Fla.App.1962, 145 So.2d 737, 744-745, Judge Kanner, speaking for this court, stated:
“ * * * The language of the statute, ‘or otherwise,’ creates a category under which the chancellor could have had evidence submitted that would justify his decision.”
******
“ * * * Appellants * * * indicate only that the last paper filed by appel-lee was on November 4, 1958. However, there is also the non-specific category appearing in the statute through the words, ‘or otherwise,’ upon which the chancellor could have based his order.”
In Little v. Sullivan, Fla.App.1964, 166 So.2d 697, the last paper filed in the proceedings prior to the June 1963 order of dismissal was on 14 March 1962. The motion to reinstate the action alleged as grounds for “good cause” that appellee’s previous attorney had removed his practice from Dade County and that his new attorney was a member of the Florida Legislature and had been attending sessions since April 1963. Although this was not “of record” the Third District Court of Appeal held that the trial judge did not abuse his discretion in finding good cause for reinstatement pursuant to § 45.19 Fla.Stat., F.S.A.
In the Little case, supra, and in Ferrara v. Coyle Beverages, Inc., et al., Fla.App. 1963, 156 So.2d 907, the Third District Court observed that a ruling involving the dismissal of actions for lack of prosecution or their reinstatement are subject to attack only on the ground that it constitutes an abuse of discretion. N.b.: Adams Engineering Co. v. Construction Products Corporation, Fla.1963, 156 So.2d 497.
*479 The plaintiff next asserts that it was an abuse of discretion to rule that counsel’s activities dehors the record did not constitute “good cause.” While expressing sympathy for the plaintiff the circuit judge concluded that the described search for the identity of the deceased pilot’s instructor constituted neither “activity” precluding dismissal nor “good cause” justifying reinstatement; that the plaintiff’s activity did not sufficiently tend to expedite the litigation. It is notable that the plaintiff did not employ discovery procedures to remove the element of conjecture as to whether or not the potential witness could be identified and made available and, if so, whether the testimony would likely have material bearing on the issues. In this situation the circuit judge was best positioned to determine whether the described activity was good cause for reinstatement. Cf. Adams Engineering Co. v. Construction Products Corp., Fla.1963, 156 So.2d 497, 499.
Affirmed.
ANDREWS, J., and McCORD, GUYTE P., Jr., Associate Judge, concur.

. Fla.Stat. § 45.19(1), F.S.A. provides: “All actions at law * * * pending in the several courts of the state * * * in which there shall not affirmatively appear from some action talcen by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) years, shall be deemed abated for want of prosecution and the same shall be dismissed * * * provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shoum to the court filed by any party in interest within one (1) month after such order of dismissal.” (Emphasis added.)

. Cf. Washington Security Co. v. Tracy’s Plumbing & Pumps Co., Inc., Fla.App. 1964, 166 So.2d 680.

. Prosecution means “1 * * * some active measure taken by plaintiff, intended and calculated to hasten the suit to judgment.’ ” Gulf Appliance Distributors, Inc. v. Long, Ma.1951, 53 So.2d 706, 707.