RAWLS, Chief Judge.
This negligence action was formerly dismissed under Section 45.19(1), Florida Statutes, F.S.A.,[1] for failure of the plaintiff-appellee to take action therein for a period of more than one year. It was reinstated, however, on petition of plaintiff-ap-pellee and thereafter final judgment was entered in her favor, hence this appeal in which the defendant-appellant’s sole contention is that the trial court was not authorized on the showing made by plaintiff to reinstate the cause. We agree with the chancellor and affirm.
The facts are:
On April 5, 1961, final judgments were entered for plaintiffs Marjorie T. Pyle and Murray A. Pyle, her husband.
*661 On August 17, 1961, the trial court granted a new trial as to the claim of plaintiff Marjorie T. Pyle but denied a new trial as to plaintiff Murray A. Pyle. Proceedings in the trial court were stayed pending an appeal to this court.
On October 2, 1962, we reversed the denial of a new trial as to plaintiff Murray A. Pyle (Young v. Pyle, 145 So.2d 503) and remanded the cause for further proceedings.
On December 6, 1962, the trial court entered an order requiring the plaintiffs to appear at a time and place stated therein for the giving of oral depositions at defendant’s instance and under penalty of having their complaint dismissed with prejudice for failure so to do; and on the same date a pretrial order was entered inter alia setting the cause for trial on March 11, 1963.
On December 12, 1962, plaintiff-appellee, Marjorie T. Pyle, moved for permission to amend the complaint by striking Count Two of the subsisting complaint which related to the claim of her co-plaintiff husband, Murray A. Pyle, who had been dismissed for failure to comply with said order of December 6, 1962, and to amend Count One of the complaint in particulars relating to the claim of plaintiff Marjorie T. Pyle.
On February 27, 1963, an order was entered (1) granting said motion to amend, (2) removing the cause from the trial docket and returning it to the progress docket, and (3) allowing defendant 20 days in which to file responsive pleadings to the amended complaint.
On March 18, 1963, defendant filed motions (a) to dismiss the amended complaint, and (b) to strike certain portions thereof.
On March 16, 1964, the appellant executor of the estate of Daisy D. Brink, the original defendant who is now deceased, filed a motion under F.S., 45.19(1), F.S.A., to dismiss the amended complaint for failure of plaintiff to prosecute the cause for a period of one year from the last pleading “filed on March 15, 1963,” and attached thereto a certificate of the clerk of the trial court reflecting that no action had been taken in said cause subsequent to the filing of defendants said motion to dismiss and motion to strike, “each dated March 15, 1963.” (Note: As above indicated, defendant’s said motions were not in fact filed in the office of the clerk until March 18, 1963. The record shows that copies thereof were served by mail on plaintiff’s attorneys on March 15, 1963.)
On March 20, 1964, the defendant filed and on that date mailed to counsel for plaintiff, Marjorie T. Pyle, a notice that on April 14, 1964, defendant would seek entry of an order dismissing the cause
“for want of prosecution pursuant to Chapter 45.19 of the Florida Statutes [F.S.A.] on the grounds that the plaintiff has failed to comply with the provisions of Section 45.19 [F.S.A.], as it affirmatively appears from the pleadings in this cause that there has been no prosecution of same for a period of one (1) year subsequent to the Defendant’s Motion to Dismiss dated March 15, 1963, and the Defendant’s Motion to Strike dated March 15, 1963.”
On April 14, 1964, the court entered an order dismissing the cause pursuant to Section 45.19, Florida Statutes, F.S.A., for want of prosecution.
On April 30, 1964, plaintiff filed a verified petition for reinstatement alleging, in substance: that liability had been admitted by defendant, leaving only the issue of damages to be tried; that pending the cause domestic problems arose between the plaintiff and her co-plaintiff husband as a result of which he defaulted and suffered dismissal of the cause as it pertained to him; that on February 25, 1963, the court entered the order permitting the amended complaint to be filed by plaintiff-appellee, Marjorie T. Pyle, removing the cause from the trial docket, and allowing defendant 20 *662 days in which to file responsive pleadings thereto; that defendant did file the heretofore-mentioned motion to dismiss and motion to strike the amended complaint; that although the original record indicates that copies of said motions were served by mail on plaintiffs counsel, he did not receive same; that plaintiff had at all times stood ready to try said cause on its merits, had been under the impression that the cause was ready for trial, and had been standing by awaiting a trial date, and “was by either lack of diligence or simple inad-vertency unaware of the pending motion to dismiss and motion to strike;” that the active record of proceedings up to March IS, 1963, indicates it was not the intention of plaintiff to abandon the cause; that plaintiff’s counsel was aware of the heavy docket of the trial court and considered that the delay in the trial of the cause was a result thereof; and, finally,
“that whatever delay has been caused in these proceedings was precipitated to a great extent by the filing on the part of the Defendant of sham pleadings such as the motion to dismiss and the motion to strike, and an examination of said pleadings by the Court will reveal that they were filed for no other purpose than to delay these proceedings and to cause this suit to be stricken from the trial docket.”
On May 13, 1964, the trial court entered an order reinstating the cause on the basis of said petition, which order recites “that sufficient good cause has been shown to invoke the Court’s discretion in reinstating this cause, and, due to the unusual circumstances involved herein, that the Court’s refusal to reinstate same would result in an injustice to Plaintiff.”
On October 7, 1965, final judgment of $4,350.00 was entered for plaintiff.
As reflected by the above chronology of events, this case has had a long and tortuous judicial journey, during, which plaintiff arrived at his day in court.
Prior to 1963, there was a material conflict in the decisions defining the nature of an order of dismissal or reinstatement under Section 45.19, Florida Statutes,. F.S.A., and stating the principle controlling review of such orders; but the Supreme Court of Florida in Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497, 499 (Fla.1963), said:
“The statutory standard of ‘good cause-shown’ requires the exercise of a judicial discretion based upon evidence-rather than [a decision] arbitrary in-character. We now hold that such am order is subject to attack only upon-the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party.” (Emphasis supplied.)
The trial court’s determination on the issue of good cause being discretionary and resting partly upon the trial judge’s knowledge of the parties, facts and conditions of his court, was not lacking in some evi-dentiary support.
In the prior appearance in this court, Young v. Pyle, supra, we stated:
“ * * * [t]he decedent’s (defendant’s) liability was established by agreement of counsel and a jury trial was held on the issue of damages only.”
We remanded the plaintiff husband’s cause for a new trial on damages only. The trial judge had previously awarded the plaintiff wife a new trial. Plaintiff Marjorie Pyle on March 6, 1963, filed am amended complaint for the purpose of dropping her former husband as a party plaintiff. No other material allegations were set forth in the amended complaint at this stage of the cause. Therefore, as a matter of law defendant’s liability had been established. Nevertheless, on March 18, 1963, defendant filed a motion to dismiss upon the grounds inter alia that “ * * * said complaint is contrary to the law, is vague, ambiguous, and does not allege suf *663 ficient facts in which plaintiff, Marjorie T. Pyle, may prove her allegations of liability and damages against the defendant.” This denial of liability presents a clear case of sham, pleading because the defendant had previously agreed that he was liable. By incorporating such allegations in his motion to dismiss, it is readily apparent that defendant was engaging in dilatory tactics and utilizing the rules of civil procedure to delay a final adjudication of plaintiff’s claim. Having indulged in such dilatory tactics, defendant now seeks to take advantage . of same and dismiss the cause. The purpose of the subject statute as expressed many times by the appellate court is to speed decision of disputes by penalizing those who would allow their litigation to become stagnant. Sudduth Realty Co. v. Wright, 55 So.2d 189 (Fla.1951); Dobson v. Crews, 164 So.2d 252 (Fla.App.1964).
Our views are those expressed by Sturgis, J., in Davis v. Evans, 132 So.2d 476, 482 (Fla.App. 1st, 1961), viz.:
“It is uniformly held that the highest purpose for which courts are established is to administer justice under the law, that the rules of practice are for the purpose of aiding speedy determination of causes, and that where strict enforcement of the letter of rules of practice tends to prevent or jeopardize the administration of justice, they should yield to the higher purpose.”
The trial of a civil cause is not a game to see by what legal strategem one may thwart the justice of a cause. Judicial proceedings are made available by the state for the highest purpose of reaching the merits of a cause wherein justice may be rendered. One of the goals of the modern rules of procedure is to eliminate the “technicalities” of the ancient common law rules in order that justice may be granted to the deserving litigant, rather than a judgment rendered in favor of the litigant who employed the most resourceful attorney. Here, the able trial judge in his order reinstating the cause found: “ * * * due to the unusual circumstances involved herein, * * * the court’s refusal to reinstate same would result in an injustice to plaintiff.”
Since the appellant has failed to make a clear showing that the trial judge abused his discretion, we affirm.
JOHNSON, J., concurs.
SACK, J., dissents.

. Section 45.19(1), Florida Statutes, F.S.A., provides:
“(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12:00 noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal.”