196 So.2d 17 (1967)
Kenneth OWENS, Appellant,
v.
KEN'S PAINT AND BODY SHOP, Appellee.
No. 66-275.
District Court of Appeal of Florida. Third District.
February 28, 1967.
*18 Engel & Pollack and Jack Taffer, Miami, for appellant.
No appearance for appellee.
Before PEARSON, BARKDULL and SWANN, JJ.
PEARSON, Judge.
The plaintiff appeals an order dismissing his cause in the trial court for failure to prosecute. See Florida Rules of Civil Procedure 1.420(e), 30 F.S.A. and 45.19(1) Fla. Stat., F.S.A. The order was entered by the court upon its own motion.
First we note that the appellant did not make a motion to reinstate provided by the rule. Under some conditions of the record this failure has been held to be a fatal defect. See National Surety Corp. v. Grahn, Fla. 1952, 57 So.2d 457; Carn v. Quarles, Fla.App. 1963, 157 So.2d 536; Reilly v. Fuss, Fla.App. 1964, 170 So.2d 475.
In Zukor v. Hill, Fla. 1956, 84 So.2d 554, the Supreme Court held that the dismissal of an action under statute dealing with abatement of action pending one year without prosecution, becomes absolute after the passage of one month. We therefore conclude that the instant order is final and appealable. See art. 5, sec. 5(3) Florida Constitution, F.S.A.
It should be noted that a ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. Adams Engineering Co. v. Construction Products Corp., Fla. 1963, 156 So.2d 497. The same test is to be applied in an appeal from an order on a motion to reinstate an action dismissed for want of prosecution. Young v. Pyle, Fla.App. 1967, 193 So.2d 659 [opinion filed January 12, 1967]. See Adams Engineering Co. v. Construction Products Corp., supra.
*19 It affirmatively appears that the trial judge misconceived the state of the record at the time of the entry of his order. Within the one year prior to the order, the plaintiff had made apparent efforts to prosecute his cause by the filing of a notice to take the deposition of the defendant, and by a motion to strike defendant's pleadings for failure of defendant to make discovery. Upon the condition of this record, which reveals that the defendant has removed himself from the jurisdiction, and counsel of record for the defendant have asked leave of court to withdraw, the plaintiff cannot be said to have failed in his duty to take some active measure intended and calculated to hasten the suit to judgment. Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706, Reilly v. Fuss, Fla. App. 1964, 170 So.2d 475.
We therefore conclude that the instant ruling constituted an abuse of discretion.
Reversed and remanded.