200 So.2d 242 (1967)
Sam ROSENFELD, Appellant,
v.
I.D. GLICKSTEIN, Appellee.
No. I-50.
District Court of Appeal of Florida. First District.
June 8, 1967.
Rehearing Denied July 24, 1967.
J.B. Hodges, Lake City, for appellant.
Goldman, Presser & Lewis, Jacksonville, for appellee.
SPECTOR, Judge.
The plaintiff appeals from an order dismissing this cause of action for failure to prosecute. Said order of dismissal was entered upon motion of the defendant, appellee herein.
At the time of the defendant's motion for the entry of the dismissal order here in question, there was pending before the trial court a notice of taking depositions filed by the appellant, which notice was filed within one year from the filing of an order by the court in this case. The appellee contends that the use of discovery proceedings does not constitute action taken in the prosecution of a case within the meaning and intent of Section 45.19(1), Florida Statutes, 1965, F.S.A.; and, therefore, his motion to dismiss for failure to prosecute was properly granted.
Appellant, on the other hand, contends that the trial court misconceived the effect of discovery proceedings insofar as same relates to the prosecution of an action within the meaning of Section 45.19(1), Florida Statutes, 1965, F.S.A., which states in material part:
"All actions * * * in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, * * *."
Appellee directs the court's attention to a New Mexico decision, Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574 (1963), construing a materially similar statute of that jurisdiction. The holding in Morris, *243 supra, was that the taking of depositions was not prosecution of a cause within the meaning of that state's abatement of action statute. The rule in Florida, however, seems to be otherwise. In Reilly v. Fuss, 170 So.2d 475 (Fla.App.2d, 1964), the court affirmed a dismissal under Section 45.19(1), Florida Statutes Annotated, stating that a dehors the record search for a witness did not constitute "activity" precluding abatement under the subject statute. In so ruling, our sister court stated, "It is notable that the plaintiff did not employ discovery procedures * * *."
Thus, inferentially at least, Reilly had the effect of inducing the bar of this State into justifiable reliance on the proposition that use of discovery proceedings constitutes "action taken" within the meaning of our abatement statute. More recently, and we hasten to add, subsequent to the entry of the order being reviewed in the case at bar, whatever doubts may have existed as to whether discovery constituted action for abatement purposes have been laid to rest by the decision in Owens v. Ken's Paint and Body Shop, 196 So.2d 17 (Fla.App.3d, 1967). There the court reversed an order of dismissal for failure to prosecute because there was then pending a notice of taking depositions. In speaking of the effect of discovery upon abatement, the appellate court stated:
"Within the one year prior to the order [of dismissal], the plaintiff had made apparent efforts to prosecute his cause by the filing of a notice to take the deposition of the defendant, and by a motion to strike defendant's pleadings for failure of defendant to make discovery." Citing as authority Gulf Appliance Distributors, Inc. v. Long, 53 So.2d 706 (Fla. 1951); Reilly v. Fuss, 170 So.2d 475 (Fla.App.2d, 1964).
We therefore hold that the taking of depositions or other discovery proceedings, when not otherwise restricted by the court, constitutes prosecution of a cause of action within the meaning of Section 45.19 (1), Florida Statutes, F.S.A.
Reversed and remanded.
WIGGINTON, Acting C.J., and JOHNSON, J., concur.