RAWLS, Judge
(dissents).
I am of the opinion that the majority erred in three respects, namely: 1. In concluding that the one year abatement period ran during the time that this cause was by order of court under a continuance. 2. In determining that the trial judge could not enter the questioned nunc pro tunc order. 3. In determining that there was no action in this cause when in fact an associate counsel for plaintiff did file an appearance and when the delay in setting the cause for trial was due to a misunderstanding concerning some instruction given the judge’s secretary by Appellant's counsel.
The facts are important in considering the first point. This case was vigorously prosecuted and trial date was set for April *803 6, 1965. Oral motion for a continuance based upon the written stipulation of both parties was granted, and on April 20, 1965, the order was rendered declaring that the cause be continued for the term. On April 21, 1966, defendant moved to dismiss on the grounds that there was no action in this cause for a one year period dating from the time of rendering the April 20, 1965 order until the filing of the motion to dismiss. The next term of the Seventh Judicial Circuit in Volusia County began on the third Monday in October, 1965. Section 26.28, Florida Statutes, F.S.A. The one year abatement period cannot begin to run until the expiration of the continuance. Before the year had run, the cause had been tried and verdict was rendered September 22, 1966. Therefore, denial of the motion to dismiss was proper.
Notwithstanding the foregoing, I am also of the opinion that the nunc pro tunc order[1] *804 merely reduces to writing what the Court had ordered at the prior hearing and did not attempt to add or subtract from the original oral order. This is the office of a Nunc Pro Tunc entry. Professor Moore states in his treatise: [2]
“ But the entry Nunc Pro Tunc must have a proper factual basis, and cannot be used by the lower court as a devise to amend a judgment which properly reflected the decision of the court, but which was later found to be undesirable or erroneous. ”
We are not here confronted with an erroneous decision. Neither party contends that the trial court did anything other than reduce to writing what it had previously ordered. The trial court was correct in so doing in order that the record would speak the truth.
Finally, I do not construe the abatement statute as strictly as my brethern. The abatement statute, in my opinion, does not deprive a trial judge of his inherent authority to control the trial docket, nor does it establish a rigid procedural straitjacket so sacrosanct that a trial judge is deprived under all circumstances of denying a motion to dismiss where the absence of action in the pending cause is either due to derelictions within his own office or was caused by the movant’s own counsel. The majority’s suggestion of establishing a ritualistic procedural rote by requiring the granting of a motion to dismiss, which sets aside trial, verdict and judgment, and which permits the entertaining of a motion to reinstate (and in view of this record I have no doubt that such a motion will be granted), a new lengthy jury trial, and in all probability another appeal, completely ignores the many expressions of appellate courts as to the intent of the statute.
In Adams Engineering Co. v. Construction Products Corp. [3] the trial court denied a motion to dismiss, but the District Court of Appeal, Third District, in considering cross assignments of error reversed, holding:
“The activity on the part of the appellant in asking the clerk to set the cause on the trial docket was not ‘action’ in the prosecution of the cause, within the meaning of § 45.19, supra.”
The Supreme Court quashed our sister court’s decision in Adams, [4] and in so doing, held inter alia:
“The trial court’s determination * * * rested * * * not only on the knowledge of the trial judge of conditions in his court but also on an evaluation of affidavits concerning efforts to obtain trial docketing within the preceding year. The issue presented on this appeal below is certainly to be distinguished from one involving a lapse of more than the statutory period after request for docketing and the conceded lack of any action whatever within that time. The appeal was therefore improperly disposed of on the sole ground that dismissal was required as a matter of law, and the order of the trial court on this point should be sustained * * (Emphasis supplied.)
As I understand this clear language of the Supreme Court’s opinion, if there is no evidence of any action taken for the statutory period of one year, the trial judge is without any discretion and is compelled to dismiss upon motion being made; however, *805 if there is evidence of action, as was the case in Adams, the trial judge is possessed of a broad discretion in determining what constitutes action in the cause.
The majority opinion relies heavily upon Little v. Sullivan,[5] and quotes extensively from the language therein. The facts considered in the Little case concerned reinstatement of a cause that had been dismissed, therefore the language expressed by the court concerning “dismissal” was obiter dictum and cannot be said to have overruled Adams; this being especially true since that opinion cites Adams with approval.
' The Third District Court of Appeal, whose opinion was quashed in Adams has recently in Owens v. Ken’s Paint and Body Shop,[6] followed the last Adams decision and in so doing held:
“ The plaintiff appeals an order dismissing his cause in the trial court for failure to prosecute. See Florida Rules of Civil Procedure 1.420(e), 30 F.S.A. and 45.19 (1) Fla.Stat., F.S.A. The order was entered by the court upon its own motion.
“[1] First we note that the appellant did not make a motion to reinstate provided by the rule. Under some conditions of the record this failure has been held to be a fatal defect. See National Surety Corp. v. Grahn, Fla. 1952, 57 So.2d 457; Carn v. Quarles, Fla. App. 1963, 157 So.2d 536; Reilly v. Fuss, Fla.App. 1964, 170 So.2d 475.
******
“[3, 4] It should be noted that a ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. Adams Engineering Co. v. Construction Products Corp., Fla.1963, 156 So.2d 497.”
In my opinion the order of the trial judge refusing to grant defendant’s motion to dismiss was a subject within his judicial discretion and that same should be affirmed as should the verdict and judgment.
I, therefore, dissent.

. “This cause came on to be heard before the Court on the 10th day of March, A.D., 1967, on Motion for Entry of an Order Nunc Pro Tunc, filed by Plaintiff, FREDERICK FRANK SROCZYK; the Court having considered argument of counsel for the respective parties; a transcribed record of the proceedings at said hearing having been taken, and the Court being otherwise fully advised in the premises, the Court finds as follows: “The Court determines that Defendant’s Motion to Dismiss for Want of Prosecution came on to be heard by the Court on the 14th., day of June A.D., 1966 and the Court on said date announced its ruling denying said Motion to Dismiss and the Court on said date stated its reasons for denying said Motion, to-wit:
“(a) That, at said hearing on June 14, 1966, the Court determined that this case was not placed on the Court’s Trial Calendar by the Court’s secretary, due to her understanding of a conversation with Cliff B. Gosney, Esquire, attorney for Defendant, from which conversation she gathered that she was requested by Cliff B. Gosney, Esquire, not to place this case on the Court’s Trial Calendar for trial, until such time as another and separate case of Defendant’s could be set for trial at the same time at a later date.
“(b) That the Court determined that this case was held in abeyance and was not set for trial, by action of the Court’s secretary, based on her understanding of the aforesaid conversation with attorney for Defendant herein, and that attorneys for Plaintiff herein were in no wise responsible for delay or lack of prosecution in the case at bar.
“(c) That the Court determined that there was no indication Plaintiff’s attorneys were aware of the aforesaid conversation, nor did they participate in any way in delaying the progress of this cause, but that the delay in setting this case for trial was based solely on a misunderstanding between the Court’s secretary and the attorney for Defendant.
“That, through inadvertence, attorneys for Plaintiff failed to prepare a written Order reflecting the oral ruling of the Court.
“That said oversight or inadvertence was not brought to the attention of the Court or attorneys for Plaintiff prior to the date of the trial of said cause.
“That, subsequent to the filing of the appeal, attorney for Defendant did raise said question as one of his Assignments of Error, and the Court’s ruling is, therefore, of material issue on said appeal.
“IT IS, THEREUPON, ADJUDGED, as follows:
“1. That this Order Nunc Pro Tunc, denying Defendant’s Motion to Dismiss for Want of Prosecution, which was heard on June 14, 1966, be, and the same is hereby entered for the reasons herein-above stated.
“2. That this Order Nunc Pro Tunc, shall be made part of the record on appeal to the District Court of Appeal, First District, Case No. 1-373 of said Court.
“3. That the transcript of the proceedings taken before this Court on Plaintiff’s Motion for Entry of an Order Nunc Pro Tunc on the 10th., day of March, A.D., 1967, be, and the same shall be made part of the record on appeal to the District Court of Appeal, First District, Case No. 1-373 of said Court.
“4. That a certified copy of this Order Nunc Pro Tunc, shall be filed with the Clerk of the Appellate Court, as required by the Appellate Rules.
“5. That this Order Nunc Pro Tunc, is entered pursuant to the provisions of Rule 3.6L and Rule 3.8, of the Florida Appellate Rules.
“6. That the Court offered to grant Defendant’s attorney additional time *804 within which to file Supplemental Brief in the Appellate Court, in view of this Order, but such offer was declined by said attorney.”

.Moore, Vestal, and Kurland, Moore’s Manual, Federal Practice and Procedure, 1966, page 1821.

. Adams Engineering Go. v. Construction Products Corp., Fla.App., 141 So.2d 300 (1962).

. Adams Engineering Co. v. Construction Products Corp., 156 So.2d 497 (Fla. 1963).

. Little v. Sullivan, 178 So.2d 185 (Fla. 1965).

. Owens v. Ken’s Paint and Body Shop, 196 So.2d 17 (Fla.App.3d, 1967).