MANN, Judge.
In case after case[1] our courts have held that the excuses offered by lawyers after a motion to dismiss for want of prosecution has been filed do not constitute good cause within the meaning of the rule. *547 This case is like all the others in that respect, as one illustration from the record will reveal. Plaintiff was represented by two law firms, one in Tampa and another in Lake City. Both of his lawyers wrote a Miami lawyer in late September 1969 asking for names of potential witnesses expert in the field of electrical transmission. The Miami lawyer responded promptly, furnishing several names. Early in January 1970 plaintiff’s lawyer wrote again to the Miami lawyer, asking for the same information. Of course there was difficulty experienced by plaintiff’s counsel in getting an expert witness. The one originally engaged, died. Another kept the file for a long time, but declined on account of illness to get involved. But neither the trial judge nor opposing counsel had reason to suspect the plaintiff’s attorneys of diligence. Some of the cases we have cited show stronger grounds than are here present for justifying the delay. The trial judge’s finding that there was no showing of good cause for the delay in this case was amply supported, and the effort of the plaintiff to justify a delay of many months, in the face of Florida authorities requiring dismissal, indicates that there is still a great misunderstanding about the stringent requirements of the rule.
But there must be a full year of dormancy, which there was not. The defendant filed its motion to dismiss on September 21, 1970. The last activity recorded on the docket was a notice of taking the deposition of one H. G. Wells, filed on September 12, 1969. The deposition was taken September 19, 1969. Filing was waived by consent of the parties, so the docket does not record it. But the deposition could not have been filed before October IS, 1969, the date of the reporter’s certificate.
In Whitney v.Whitney, Fla.App.1970, 241 So.2d 436, this court construed the words “or otherwise” to include activity which would appear of record but for the cooperation of counsel in pursuing the end of the case off the record. There the activity was related to the collection of financial data which could have been obtained through the discovery process, and which would have been shown of record had depositions been taken. Here the filing of the deposition would have occurred in due course no earlier than October 15, 1969, but for the waiver of counsel. In Whitney v.
What the rule contemplates is that the defendant, by examining the court docket and his own file, may determine when the cause has been dormant for a full year. What the footnoted cases indicate is that the plaintiff cannot thereafter come in and have the cause reinstated by showing how busy he has been. The restrictive interpretation decided against in Whitney would discourage plaintiffs from proceeding by consent of counsel for fear that the cause may be dismissed, and the law favors resolution of disputes outside of court so far as possible.[2] But the law should afford the defendant a means of determining when a cause has been dormant long enough to warrant the filing of a motion for dismissal.
Incidentally, the headnote in Whitney is incomplete, and hence misleading, by suggesting that “nonrecord activity of counsel” meets the “or otherwise” test. It is only that activity of which the defendant’s counsel has notice and which would appear of record hut for their amicable progress in the cause that Whitney dealt with, and that is the activity involved here. It is clear that the discovery process, when shown on the docket, is sufficient to toll the running of the year. Rosenfeld v. Glickstein, Fla.App. 1st 1967, 200 So.2d *548 242. And in at least one case counsel seem to have treated the date of filing of a deposition as significant. See Reilly v. Fuss, Fla.App.2d 1964, 170 So.2d 475.
Defendants’ counsel who keep track of action taken of record or which would appear of record but for agreement with opposing counsel may be reasonably certain that a motion filed after a year of dormancy will be granted no matter how hard the plaintiffs’ counsel claim to have worked sub rosa. Plaintiffs’ attorneys would be well advised to conclude cases within a year or at least make certain that the record reflects a bona fide effort to do so. Trial judges have ample authority to keep both sides working.
Reversed and remanded.
PIERCE, C. J., and McNULTY, J., concur.

. Gulf Appliance Distributors, Inc. v. Long, Fla.1951, 53 So.2d 706; Davant v. Coachman Properties, Fla.App.2d 1960, 118 So.2d 844; Reilly v. Fuss, Fla.App.2d 1964, 170 So.2d 475.

. We caution against too lenient an interpretation of the “or otherwise” exception. Some readers of Trustees of the Internal Improvement Fund of State of Fla. v. Toffel, Fla.App.2d 1962, 146 . So.2d 737, may overlook the fact that that decision hinges on the failure of the appellant to bring an adequate record before this court.