H. J. GOODWYN, *Plaintiff in Error*, vs. LEESBURG CITRUS GROWERS ASSOCIATION, a Corporation, *Defendant in Error*.

Division A.

Opinion filed May 27, 1931.

*Sparkman & Knight,* for Plaintiff in Error;

No Appearance, for Defendant in Error.

PER CURIAM.—In this case civil suit was pending in the Circuit Court of Lake County. The defendant in error was plaintiff in the court below and counsel resided in Hillsborough County. After the case was at issue plaintiff filed a praecipe for same to be docketed for trial and requested the Clerk of the Circuit Court to advise counsel when the case was set for trial. The Clerk docketed the case for trial as requested. The term of court came on to be held and when the docket was sounded by the presiding Judge on the first day of the term of court no one answered for the plaintiff. Thereupon defendant moved that the cause be dismissed. The court entered the following order:

"#2843. H. J. Goodwyn vs. Leesburg Citrus Growers Association.

The above cause being called for trial on opening of court, and no one answering for plaintiff, it is, upon motion of defendant, Considered, Ordered and Adjudged that said cause be and the same is hereby dismissed at the cost of the plaintiff.

J. C. B. Koonce,
Judge."

That order was entered on October 8th, 1929. On the

24th of February, 1930, after the expiration of the term of court at which the order of dismissal was entered, plaintiff filed motion to vacate the order dismissing the cause and to re-instate the cause on the docket.

There is a contention presented in the motion that the court committed error in dismissing the case because the Clerk had not complied with counsel's request and because the court had summarily dismissed the case upon motion of the defendant when the docket was sounded on the first day of the term of court. The court denied the motion and writ of error was taken to the judgment dismissing the cause.

There is no duty devolving upon the Clerk of the Circuit Court to keep counsel advised as to the status of cases pending in which they are employed as attorneys. It is the duty of counsel who are employed in litigation to be present in the court room when cases in which they appear as counsel are to be called on the docket.

Motion to re-instate in this case was made more than four months after the case was dismissed.

The court committed no reversible error in dismissing the cause when the same was called on the docket on the first day of the term of the court, after same had been docketed at the request of the plaintiff and plaintiff's counsel failed to respond. The motion to re-instate the cause was without legal merit and, therefore, no reversible error occurred in the court's order denying the motion.

The judgment of dismissal should be affirmed and it is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.