118 So.2d 85 (1960)
UNITED LIFE INSURANCE COMPANY, a Corporation of the State of Florida, Petitioner,
v.
Addle Kathleen JOWERS, Respondent.
No. B-293.
District Court of Appeal of Florida. First District.
February 2, 1960.
*86 Truett & Watkins, Tallahassee, for petitioner.
J. Kenneth Ballinger, Tallahassee, for respondent.
WIGGINTON, Chief Judge.
Defendant in the trial court seeks review by certiorari of an order re-instating the cause after it had been properly dismissed for failure to prosecute within a period of one year, both the order of dismissal and order of reinstatement having been entered pursuant to the provisions of the statute.[1] The sole question presented for determination is whether the trial judge abused his discretion in holding that the cause shown by plaintiff's motion was sufficient as a matter of law to authorize reinstatement under the decisions of this and the other appellate courts of Florida.
An examination of the record reveals that this action is one at law for collection of the proceeds of an insurance policy. The order of reinstatement sought to be quashed is an interlocutory order entered in the progress of the cause. Such orders in law actions are reviewable by interlocutory appeal only when they relate to venue or jurisdiction over the person.[2] Since the order of reinstatement does not come within that class of orders for which review may be had by interlocutory appeal, petitioner asks that we exercise the power vested in this Court under the Constitution[3] to review the questioned order by common law certiorari.
In the Pullman Company case[4] this court held that certiorari to review interlocutory orders entered in actions at law would be granted only in those cases in which it clearly appeared that there was no full, adequate and complete remedy available to petitioner by appeal from final judgment. Illustrative of the type of cases in which review by certiorari will be considered are those in which the trial court has acted without and in excess of its jurisdiction, or its order does not conform to the essential requirements of law and might cause material injury throughout subsequent proceedings for which the remedy by appeal will be inadequate.
It is obvious that the order of reinstatement now sought to be reviewed does not fall within the foregoing classification. If petitioner is required to litigate the merits of this cause in the trial court and suffers an adverse judgment, there is available to it the remedy of appeal from final judgment in which the correctness of the reinstatement order may then be reviewed. If on such appeal it is held that the trial court abused its discretion in reinstating *87 the cause over petitioner's objection, the order of reinstatement may be reversed and the final judgment vacated with directions that judgment be entered for petitioner. It therefore affirmatively appears from the facts present here that refusal of this court to review by certiorari the order of reinstatement will not cause material injury to petitioner throughout subsequent proceedings of this cause for which remedy by appeal will be inadequate.
It is contended that our refusal to exercise the constitutional power of review by certiorari at this stage of the cause will require petitioner to consume time and expend substantial sums of money in defense of the litigation, all of which could be obviated if review of the order under assault is permitted at this time, and if upon consideration of the merits it is found that the trial court erred. An identical argument was advanced by the petitioner in the Pullman Company case, but such contention was rejected as being insufficient to warrant this court in entertaining certiorari and considering the petition on its merits.
Petitioner relies as precedent for the procedure followed by it in this proceeding on the decision of this court in the Allen case.[5] In Allen this court entertained a petition for common-law certiorari to review an order of the trial court reinstating a cause which had been previously dismissed for lack of prosecution. The exact procedure was adopted in Allen as was followed in this case. The merits of the Allen petition were considered and the questioned order was quashed. It must be conceded that petitioner here had every right to assume on the authority of Allen that the procedure it followed in this proceeding was proper in all respects. It must be candidly admitted, however, that the propriety of this court to review by common-law certiorari the order of reinstatement in the Allen case was not raised by either party, and quite frankly was inadvertently overlooked by the court in its consideration of that case. It is not unnatural that the Allen decision would be relied upon by the Bar as precedent for the procedure followed by petitioner in this case, and this court must assume responsibility for the misleading inference which arises from that decision. The disruption of the orderly administration of justice by the indiscriminate exercise of the power to review by certiorari interlocutory orders entered in law actions requires prompt correction of the implications inherent in this court's approval by inference of the procedure followed in the Allen case. We must therefore hold that the inferences which arise from the procedural precedent implicit in the Allen decision must be rejected.
Petitioner also invites our attention to the decisions of the Supreme Court in the cases of Sudduth Realty Company[6] and May[7]. Petitioner contends that each of the foregoing decisions are authority for reviewing by certiorari an order reinstating a cause after dismissal for lack of prosecution, or one refusing to dismiss for lack of prosecution under F.S. § 45.19, F.S.A. We point out that in the Sudduth Realty Company case the primary suit was in equity, and under the rules of appellate procedure in force at that time interlocutory orders were reviewed by certiorari and not by interlocutory appeal as at present. The May decision was likewise rendered prior to the adoption of the present appellate rules. A review of that decision fails to reveal whether the primary suit was one in equity or at law. If it was a suit in equity, then review by certiorari of the questioned interlocutory order would have been entirely proper under the rules of procedure in force at that time. Regardless *88 of this, however, it affirmatively appears that no question as to the propriety of the procedure for review by certiorari of the interlocutory orders in question was raised or passed upon by the court. Neither of these decisions are, therefore, precedent for the position taken by the petitioner here.
For the reasons herein stated certiorari is denied and the petition dismissed.
STURGIS, J., and FITZPATRICK, W.L., Associate Judge, concur.
NOTES
[1] F.S. § 45.19(1), F.S.A.
[2] Rule 4.2, Florida Appellate Rules, 31 F.S.A.
[3] Art. V, Sec. 5(3), Florida Constitution, F.S.A.
[4] Pullman Company v. Fleishel, Fla.App. 1958, 101 So.2d 188.
[5] Allen v. Gaither, Fla.App. 1959, 112 So.2d 855.
[6] Sudduth Realty Co. Inc. v. Wright, Fla. 1951, 55 So.2d 189.
[7] May v. State of Florida, Fla. 1957, 96 So.2d 126.