156 So.2d 497 (1963)
ADAMS ENGINEERING COMPANY, Inc., Petitioner,
v.
CONSTRUCTION PRODUCTS CORPORATION, Aluminum Industries, Inc., Weather Products, Inc., and Aluminum Hardware Corporation, Respondents.
No. 31943.
Supreme Court of Florida.
April 24, 1963.
On Rehearing September 18, 1963.
*498 Blackwell, Walker & Gray and Clemen J. Ehrlich, Miami, for petitioner.
Sibley, Grusmark, Giblin, King & Levenson and James Lawrence King, Miami Beach, for Construction Products Corporation, Aluminum Industries, Inc.
Charles H. Spooner, Coral Gables, for Weather Products, Inc.
DREW, Justice.
The district court in this cause reversed an order of the trial court denying a motion to dismiss for lack of prosecution under F.S. Section 45.19, F.S.A.[1]
The opinion,[2] which contains a full recital of the proceedings at bar, states as grounds for reversal that "The activity on the part of the appellant in asking the clerk [within the year's limitation period] to set the cause on the trial docket was not `action' in the prosecution of a cause * * *. Nor did appellant make a showing of good cause to excuse its failure to act." The court held "that the trial court erred in denying the appellees' motion to dismiss," *499 and petitioners in this Court seek review by certiorari.
Upon review of the numerous cases arising under this statute, we conclude that there existed heretofore a material conflict in the decisions defining the nature of an order of dismissal or reinstatement under this provision, and stating the principles controlling review of such orders.[3] While the decision here, applying the ordinary standard of appellate review, has some support in the cases,[4] it conflicts with what we believe to be the better principle embodied in the cases holding that the ruling of a trial court in these premises must be regarded as discretionary.[5] The statutory standard of "good cause shown" requires the exercise of a judicial discretion based upon evidence rather than arbitrary in character. We now hold that such an order is subject to attack only upon the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. That charge cannot, in our opinion, be sustained in the case at bar.
The trial court's determination on the issue of good cause was not wholly lacking in evidentiary support, but rested instead not only on the knowledge of the trial judge of conditions in his court but also on an evaluation of affidavits concerning efforts to obtain trial docketing within the preceding year. The issue presented on this appeal below is certainly to be distinguished from one involving a lapse of more than the statutory period after request for docketing and the conceded lack of any action whatever within that time.[6] The appeal was therefore improperly disposed of on the sole ground that dismissal was required as a matter of law, and the order of the trial court on this point should be sustained as a proper exercise of the discretion vested in that court.
The judgment of the district court of appeal is quashed and the cause remanded with directions for further proceedings in accordance herewith.
It is so ordered.
ROBERTS, C.J., and TERRELL, and CALDWELL, JJ., concur.
THOMAS, J., dissents because of the view that there is no conflict in decision.
THORNAL and O'CONNELL, JJ., dissent.
O'CONNELL, Justice (dissenting).
I dissent because of the view that there is no conflict in decisions, however, I agree to the decision on the merits of the question presented and decided.
THORNAL, J., concurs.

*500 ON PETITION FOR REHEARING GRANTED
DREW, C.J.
Writ of certiorari issued in this case on the basis of decisional conflict regarding the nature and standard of review of orders under F.S. Section 45.19(1), F.S.A. The decision of the district court, reversing the judgment below, was not only that the defendants' motion to dismiss should have been granted but, further, that a reinstatement would have been improper because the evidence or facts relied on by plaintiff (appellant) did not constitute sufficient cause for reinstatement; that the cause should have been finally determined for defendants for lack of such good cause; and that the attack on the decree for defendants on the merits need not, therefore, be considered.
We have concluded that insofar as the decision precluded reinstatement, because in the judgment of the appellate court there was not "sufficient cause," it was in direct conflict with those cases holding that appellate review on this issue is limited to a determination of abuse of discretion. The conflict of decision on this point is resolved by reaffirming the discretionary power of the trial court in the determination of "good cause" for reinstatement, and by emphasizing the necessity for predicating reversal upon a finding of abuse of that discretion. The opinion of the district court did not so characterize the issue decided, and in our opinion could not, upon this record, have found such an abuse.
There is no necessity, in reaffirming the discretionary power of the trial court in these premises, to disregard the language of the statute and earlier decisions to the effect that dismissal is mandatory[1] when in fact there is no affirmative showing of action taken in the cause. Even if the same criteria do not control dismissal and reinstatement, we conclude from our further review of the decision in this case that the trial court's order denying the motion to dismiss should be sustained. The decisions cited for the contrary position are in each instance distinguishable and do not stand for the blanket proposition that good faith efforts to obtain trial docketing, within the statutory period, are as a matter of law insufficient to constitute action taken in the cause. The trial court's decision to proceed to a disposition of the cause on its merits should not, in the situation at bar be disturbed.
Upon reconsideration we adhere to the prior determination of the cause. The judgment of the district court of appeal is quashed and the cause remanded with directions for further proceedings in accordance herewith.
TERRELL and ROBERTS, JJ., concur.
CALDWELL, J., concurs specially.
THOMAS and O'CONNELL, JJ., dissent.
THORNAL, J., dissents on jurisdiction.
CALDWELL, J., concurring specially:
I agree with the conclusion that, once the trial judge found that there had been some "action", he could properly deny the motion to dismiss. Absent such finding, the trial judge was without discretion  dismissal was mandatory. On motion to reinstate, the trial court could exercise his discretion on the question of whether "good cause" was shown.
NOTES
[1] Abatement; actions or suits pending; failure to prosecute
"(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12 o'clock noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal."
[2] Fla.App., 141 So.2d 300, 302.
[3] For illustration of certiorari jurisdiction under Sec. 4, Art. V, Florida Constitution, F.S.A., in this situation see Billingham v. Thiele, Fla. 1959, 109 So.2d 763, and Green v. Panama City Housing Authority, Fla. 1959, 115 So.2d 560.
[4] Railway Express Agency, Inc. v. Hoagland, Fla. 1952, 62 So.2d 756; Allen v. Gaither, Fla.App., 112 So.2d 855.
[5] State ex rel. Jacksonville Ice & Cold Storage Co. v. Gray, 130 Fla. 359, 177 So. 849; Gulf Appliance Distributors, Inc. v. Long, Fla. 1951, 53 So.2d 706; Moore v. Fletcher, 159 Fla. 478, 32 So.2d 12; United Life Insurance Co. v. Jowers, Fla.App. 1960, 118 So.2d 85.

For a consideration of the limits of appellate review of rulings on other issues as to which discretion is vested in a trial forum, see Russo v. Clark, Fla. 1962, 147 So.2d 1, and cases collected in 2 Fla.Jur. Appeals, Sec. 327, and 4 Am.Jur.2d 548. The decisions, in sum, draw a critical distinction between general appellate review to determine reversible error, and review, in the case of discretionary orders, to determine the presence of any reasonable record support for the exercise of discretion by the lower court.
[6] Allen v. Gaither, note 4 supra.
[1] See Zukor v. Hill, Fla. 1956, 84 So.2d 554, 556; Searlett v. Frederick, 147 Fla. 407, 3 So.2d 165; May v. State ex rel. Ervin, Fla. 1957, 96 So.2d 126; Elmer A. Yelvington & Son, Inc. v. Sheridan, Fla. 1953, 65 So.2d 44.