CROSS, Judge.
Appellant (defendant) appeals a final judgment entered in favor of the appellee (plaintiff) on a promissory note. The final judgment was entered subsequent to reinstating the cause which had been previously dismissed for want of prosecution.
The primary thrust of defendant’s appeal raises the contention that the trial court abused its discretion in reinstating the action without good cause.
The time-table of events pertinent for disposition of the contention is as follows:
On February 18, 1963, at the conclusion of the taking of testimony the trial judge inquired of plaintiff’s attorney if he desired to make any argument on his behalf. In response plaintiff’s attorney said, “Judge, I sort of hoped that I would have an opportunity to review the transcript before arguing the case. I understand that it is in the process of being transcribed now. And with the Court’s indulgence, I would like to put that off until the testimony is finished.”
From February 18, 1963, to February 26, 1964, the only affirmative action reflected by the record to have been taken in the matter was the entry of an order bearing date and entered on February 26, 1964, as follows :
“1. The hearing scheduled for this date is continued until the testimony taken at the trial on February 18, 1963, has been transcribed;
“2. At the continued hearing the Court will receive testimony on the subject of reasonable attorney’s fees, as well as hearing oral argument.”
From February 26, 1964, to May 12, 1965, the case lay dormant. No action whatsoever appears from the record to have been taken; the court, on the latter date, sua sponte, pursuant to F.S.A. § 45.19 dismissed the cause for want of prosecution. On May 20, 1965, plaintiff filed a motion to vacate and set aside the order of dismissal as follows:
“The plaintiff moves the court to set aside the order of dismissal entered herein on May 12, 1965 and to reinstate the cause and for the reason that the plaintiff and the defendant have fully presented their evidence to the court who conducted the trial without a jury and the parties await only the entry of a final judgment by the court.”
On May 26, 1965, the court granted plaintiff’s motion to vacate and set aside the order of dismissal entered May 12, 1965, and reinstated the cause. On March 7, 1966, the court heard final argument of counsel, and on the following day, March 8th, the court entered its judgment in favor of the plaintiff and against the defendant on the note including interest and attorney’s fees. This appeal followed.
The primary purpose of F.S.A. § 45.19 is obviously intended to promote the expeditious disposition of litigation. It contains two basic component elements. It provides for dismissal upon inaction for a year showing a lack of prosecution for that period. It further provides for reinstatement after dismissal “upon good cause shown” by petition filed within one month.
In regard to dismissal, the requirements of the statute are mandatory if it is demonstrated to the court that no action towards prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of the statute. When the essential inaction is established, dismissal necessarily follows. Adams Engineering Company v. Construction Products Corp., Fla.1963, 156 So.2d 497; May v. State ex rel. Ervin, Fla.1957, 96 So.2d 126.
However, within 30 days after the order of dismissal, a party in interest may obtain reinstatement upon a showing of “good cause.” In Adams, supra, it was held that the statutory standard of “good *821 cause” for reinstatement requires the exercise of a sound judicial discretion. This is not an arbitrary or unrestrained discretion. It must have evidentiary support to establish the “good cause”.
When a judicial discretion is allowed a trial judge, his exercise thereof will not be lightly regarded. On the other hand, the exercise of a judicial discretion is controlled by applicable principles of law and equity. Discretion is not available as a support for a conclusion in the face of a positive rule of law to the contrary. McWhorter v. McWhorter, Fla.App. 1960, 122 So.2d 504; Ellard v. Godwin, Fla.1955, 77 So.2d 617.
In the case sub judice the motion for reinstatement was grounded essentially on the contention that the plaintiff awaited only the entry of a final decree by the court. Obviously, the motion is not well founded, is without merit and is totally lacking in any showing of good cause to excuse failure to prosecute or to initiate the exercise of sound judicial discretion in ordering reinstatement.
The trial judge at the conclusion of the hearing on February 18, 1963, continued oral argument at plaintiff’s counsel’s request in order that the plaintiff might have an opportunity to have the testimony transcribed and to review it before making his final argument. Nearly three years elapsed from the hearing of February 18, 1963, to February 1, 1966, before the transcript of testimony, consisting of only 112 pages, was filed by the plaintiff.
We do not disregard the policy of the law to dispose of litigation on its merits rather than upon the niceties of the procedural requirements. However, it is equally important that litigation proceed in an orderly fashion and expeditiously to a prompt and just conclusion. The statute which we have discussed is aimed at that direction. We find an abuse of discretion by the trial judge in reinstating the cause.
Accordingly, the final judgment appealed from is reversed, and the case is remanded with directions to vacate and set aside the order of reinstatement.
Reversed and remanded.
ANDREWS, J., and LEAVENGOOD, C. RICHARD, Associate Judge, concur.