WIGGINTON, Chief Judge.
Defendant in the trial court has appealed a final judgment entered upon a jury verdict rendered in favor of the plaintiff. The sole point presented for our decision is whether the trial court erred in denying defendant’s motion to dismiss the action for failure of plaintiff to prosecute within a period of one year during the pendency of the cause in the trial court.
It affirmatively appears from the record on appeal that after this suit was instituted no action was taken by the filing of pleadings, order of court, or otherwise in the prosecution of the cause during the period between April 20, 1965, and April 21, 1966. On the latter date defendant filed his motion to dismiss the cause for failure to prosecute pursuant to the provisions of the applicable statute authorizing dismissal under such circumstances.[1] A hearing was held before the court on defendant’s motion which culminated in an oral announcement by the judge that the motion would be denied and plaintiff’s counsel was instructed to draft and present for execution a written order effectuating the court’s ruling. No record of the proceedings held before the court at the hearing on the motion to dismiss was reported, and the record is silent as to what testimony or evidence, if any, was presented to and considered by the trial court as a basis for its ruling. No formal written order implementing the court’s ruling was ever prepared, executed, or filed in the cause but the case proceeded to trial and rendition of the judgment appealed.
Defendant filed his notice of appeal on January 5, 1967, and assigned as error, among other things, the action of the court in denying defendant’s motion to dismiss the case for want of prosecution by his oral ruling of June 14, 1966. The record on appeal was prepared and filed in the office of the Clerk of the Circuit Court on February 3, 1967, and appellant’s brief in support of his appeal was filed in this court on March 1, 1967. By his brief appellant presents and argues the single point hereinabove mentioned based exclusively upon the contention that the trial court erred in denying his motion to dismiss the case for want of prosecution.
After the appeal was perfected and appellant’s brief filed in this court, another hearing was conducted by the trial court which culminated in the rendition of an order nunc pro tunc dated March 30, 1967, in which it is recited that at the hearing held on defendant’s motion to dismiss the cause for want of prosecution, it was found and determined by the court that this case had not been earlier placed on the court’s trial calendar for trial because of a conversation between the judge’s secretary and defendant’s counsel in which the secretary was requested to not place the case on the trial calendar at that time, but to defer such action until another and separate case pending against defendant could later be set for trial at the same time, in which *798 conversation plaintiff’s counsel in no wise participated and for which plaintiff was not responsible. The order further recites that it was through inadvertence or oversight that plaintiff’s counsel failed to prepare a written order reflecting the court’s oral ruling at the time he was directed to do so following the hearing on June 14, 1966. The order further recites that it shall be made a part of the record on appeal in this cause and submitted to this court for its consideration in connection with the point presented by appellant for decision.
From the foregoing it affirmatively appears that even though no formal order was rendered by the trial court denying defendant’s motion to dismiss the action for want of prosecution, nevertheless the motion was effectively denied by action of the court in placing the case on its calendar for trial, by submitting it to the jury for consideration, and by rendition of a final judgment based upon the verdict rendered by the jury following trial of the cause. The trial court’s action in this regard is sufficiently clear and certain as to form a proper basis for assignment of error on this appeal.
As noted above, the order nunc pro tunc reciting findings and conclusions constituting what the trial court apparently considered to be good cause for denying defendant’s motion to dismiss the case was not rendered until some two months after the filing of the notice of appeal and the vesting of jurisdiction of this case in this court. Upon the filing of the notice of appeal the trial court lost jurisdiction to take any further action in connection with the case except in the performance of a narrowly limited category of actions permitted by law. Although the order nunc pro tunc was unquestionably well intentioned and designed to further the administration of justice, we are of the view that it was not authorized and may not be considered in passing upon the point raised by appellant on this appeal.
Our reason for reaching the foregoing conclusion is controlled by the principles of law set forth in the case of Fulton v. Poston Bridge & Iron, Inc. [2] decided by the Third District Court of Appeal. In Fulton an order was rendered by the trial court granting a new trial. The order failed to incorporate the ground or grounds upon which the order was based as required by the statute authorizing the granting of new trials. The party against whom the new trial was granted filed his notice of appeal assigning as error the failure of the order granting a new trial to recite the grounds on which it was based. After the appeal was taken the trial court entered a nunc pro tunc order in which it sought to supplement the original order by reciting the grounds on which the new trial was granted in conformity with the requirements of the statute. In holding that the nunc pro tunc order was ineffective to accomplish the purpose desired, and that it could not be considered by the appellate court in passing upon the point presented by the appellant in support of his appeal, Judge Charles Carroll, speaking for the court, said:
“Applicable here is the statement contained in the section of Corpus Juris Secundum cited above, to the following effect:
“ ‘While the appellate proceeding may cause the trial court to lose jurisdiction of the case it still retains jurisdiction of its record, if a court of record, and has inherent power to correct it, including the proper entry of judgment. This rule permits amendment of the record in the case of misprision of the clerk or where, through inadvertence or mistake, some matter has been omitted from the record, or some untrue statement inserted, or where the judgment entered contains misrecitals, and in other like cases. The power of correction is confined, however, to showing correctly the history of the proceedings before the *799 appeal, and the lower court has no jurisdiction, pending an appeal by amendment of the record or proceedings or otherwise, to change the status of the case or to interfere with the rights of parties under the judgment or order. ’
“Jurisdiction and control over the record which continues in the trial court during a portion of the pendency of an appeal, as provided for in rule 1.38, F.R.C.P., and rule 3.8, F.A.R., relate to corrections of the record or making the record show the truth as to the history of the proceedings before the appeal, and those rules do not authorize, after appeal, the making of orders to change the legal effect of the orders or judgments from which the appeal has been taken or to change the status of the case so as to interfere with the rights of an appellant as he may have asserted them on appeal.”
From the foregoing we are of the view that the trial court lacked jurisdiction to render the nunc pro tunc order after appeal was taken, the legal effect of which was to change the status of the case so as to interfere with the rights of appellant on his appeal.
Even if we were free to consider the findings and conclusions expressed in the nunc pro tunc order in support of the ruling denying defendant’s motion to dismiss, we would nevertheless he required to hold that the denial of the motion to dismiss under the circumstances shown by the record before us was erroneous and would require reversal of the judgment appealed.
The statute with respect to the abatement of actions for failure of the plaintiff to prosecute, being F.S. § 45.19, F.S.A., is as follows:
“(1) All actions at law or suits in equity pending in the several courts of the state, and instituted subsequent to 12:00 noon, October 1, 1947, in which there shall not affirmatively appear from some action taken by filing of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of one (1) year, shall be deemed abated for want of prosecution and the same shall be dismissed by the court having jurisdiction of the cause, upon its own motion or upon motion of any person interested, whether a party to the action or suit or not, with notice to opposing counsel, provided that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one (1) month after such order of dismissal. ”
From the foregoing it is noted that the statute deals separately with the problems of dismissal and reinstatement. The first phase dealing with dismissal provides that the cause shall be deemed abated if no action, is taken for a period of one year in the prosecution of the cause by the filing of pleadings order of court, or otherwise, and it shall be dismissed by the court upon its. own motion or upon motion of any party interested. The second phase dealing with reinstatement provides that after an action has been dismissed for want of prosecution, it may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after the order of dismissal.
Prior to the decision rendered by the Supreme Court in Adams Engineering Co. v. Construction Products Corp.,[3] the above-quoted statute relating to dismissal and reinstatement had been uniformly interpreted by the courts of Florida to mean that upon an affirmative showing that no action in the prosecution of a pending cause had been taken for a period of one year the action was deemed abated, and upon motion duly presented to dismiss the cause for failure to-prosecute, the trial court had no discretion but to grant the motion. The statute was. *800 further interpreted to mean that if good cause could be shown by the plaintiff in support of a motion to reinstate as to why affirmative action in the prosecution of the cause was not taken within the one-year period, or why his case should not be dismissed, the trial court possessed a sound judicial discretion in determining whether the facts presented in support of the motion to reinstate constituted good cause within the meaning and intent of the statute. Typical of the decisions placing such interpretation upon the statute in question was that of May Plumbing Co. v. State ex rel. Ervin [4] rendered by the Supreme Court on June 19, 1957.
In the Adams Engineering Co. case, supra, the Supreme Court had for consideration an order of the trial court denying a motion to dismiss a case for lack of prosecution filed pursuant to the applicable statute quoted above. The trial court’s order of denial was predicated upon a finding that good cause had been shown by the plaintiff why no affirmative action had been taken in the case during the prescribed one-year period, and in the exercise of his discretion determined that the action should not be dismissed .but should be permitted to proceed to a conclusion. The Supreme Court recognized the decisions it had theretofore rendered holding that the question of good cause could be shown only in support of a petition to reinstate the action, but could not be urged as grounds for opposing a motion to dismiss for want of prosecution. The court nevertheless held that it believed the better rule to be that evidence of good cause for having failed to prosecute may be considered by the trial court in passing upon a motion to dismiss for want of prosecution, as well as in passing upon a motion to reinstate after the case has been dismissed. In Adams the action of the trial court in denying the motion to dismiss for good cause shown was affirmed and the District Court of Appeal’s decision to the contrary was quashed.
The effect of the Adams decision was to read into the statute a provision which is not there and to read out of the statute a provision which the Legislature elected to incorporate therein. Although the statute permits a consideration of “good cause” only when asserted in support of a motion to reinstate the case after dismissal, the Adams ruling permits a showing of good cause to be considered also in opposition to a motion to dismiss for want of prosecution. If this is permissible, and the trial court refuses to dismiss the action on the showing of good cause made by the plaintiff, then the remaining provision of the statute authorizing reinstatement is rendered superfluous and of no practical value. On the other hand if the court rejects the showing of good cause urged by the plaintiff in opposition to a motion to dismiss, such ruling would become the law of the case and the plaintiff would be precluded from later asserting good cause as a ground for reinstatement after dismissal as authorized by the statute.
The decision in Adams remained the revised guide to trial courts in passing on motions filed pursuant to the statute in question until the matter was again reexamined by the Supreme Court in the case of Little v. Sullivan.[5] In the Little case the court had for consideration an order reinstating a cause which had been previously dismissed for failure of' the plaintiff to prosecute within the one-year period specified in the statute. The trial court found and determined that good cause for reinstatement existed and therefore entered an order effectuating that finding and conclusion. The sole question presented by the appeal was whether the grounds relied upon by the trial court for reinstatement of the cause constituted just cause within the meaning and intent of the statute. In reinterpreting the purpose of the statute, the Supreme Court said: *801 shall be deemed abated for want of pros-secution and shall be dismissed when ‘there shall not affirmatively appear from some action taken by filing- of pleadings, order of court, or otherwise, that the same is being prosecuted, for a period of three years [one] [year], * * *’ The section further provides ‘that actions or suits dismissed under the provisions hereof may be reinstated by petition upon good cause shown to the court filed by any party in interest within one month after such order of dismissal.’
*800 “Section 45.19(1), Florida Statutes, F.S.A., provides in part that an action
*801 “The cited statute is obviously intended to promote the expeditious disposition of litigation. It contains two basic component elements. It provides for dismissal upon inaction for a year showing a lack of prosecution for that period. It further provides for re-instatement after dismissal ‘upon good cause shown’ by petition filed within one month.
“In regard to dismissal, the requirements of the statute are mandatory if it is demonstrated to the court that no action towards prosecution has been taken within a year. The trial judge has no discretion in the enforcement of this aspect of the statute. When the essential inaction is established, dismissal necessarily follows. May [Plumbing Co.] v. State [ex rel. Ervin] Fla., 96 So.2d 126; Adams Engineering Co. v. Construction Products Corp., Fla., 156 So.2d 497.
“However, within 30 days after the order of dismissal, a party in interest may obtain reinstatement upon a showing of ‘good cause’. In Adams, supra, we held that the statutory standard of ‘good cause’ for reinstatement requires the excise of a sound judicial discretion. This is not an arbitrary or unrestrained discretion. It must have evidentiary support to establish the ‘good cause’.”
From the foregoing it clearly appears that the Supreme Court interpreted the statute to mean that if no action is taken by the plaintiff' in the prosecution of his cause within a period of one year, and a motion to dismiss on that ground is made by any party in interest as was done in the case sub judice, the dismissal is mandatory and the trial court has no discretion to deny the motion regardless of the cause advanced by the plaintiff for his failure to take steps in the prosecution of his case within the period limited by the statute. The force of this ruling is somewhat weakened by the taint of dictum, but it is nevertheless made in such manner as to manifest an intent that it serve as a guide to the trial courts in applying the provisions of the statute to the facts in any case coming within its purview. Furthermore it pronounces what we conceive to be the most reasonable interpretation of the statute and embodies the principle to be followed in cases of this kind. This is the conclusion also reached by the Second District Court of Appeal in its consideration of the precise question presented in this case for decision.[6]
The latest decision on the question under consideration was rendered by the Fourth District Court of Appeal in Landfield v. Sherman.[7] This case was tried by the court without a jury, at the conclusion of which counsel requested that they be permitted to defer final argument until the testimony could be transcribed by the reporter. No action was taken in the case for a period of approximately one year at which time an order was entered by the trial court indefinitely continuing the final hearing until the trial testimony was transcribed. No further action was taken in the case for a period of some fifteen months at which time an order dismissing the case for want of prosecution was entered by the court pursuant to F.S. Section 45.19, F.S.A. Upon petition of plaintiff the cause was *802 reinstated upon the bare showing that the case had been fully tried and the only thing left to be done was the entry of the final judgment by the court. On appeal the Fourth District Court found that the reasons relied on for reinstatement did not constitute just cause within the meaning of the statute. The order of reinstatement and the final judgment entered in favor of the plaintiff were reversed with directions that the action be dismissed.
From the foregoing decision it affirmatively appears that the one-year period, within which action in the prosecution of the cause was required to be taken in order to avoid dismissal of the action, commenced to run from the entry of the order continuing final argument in the case until the trial notes could be transcribed, and not from any future time within which the testimony should have been or was transcribed. Accepting this precedent as authority for our decision in the casé sub judice we must hold that the one-year period for taking affirmative action in the prosecution of the cause commenced to run, if at all, when the trial judge entered his order continuing the trial of this case for the term, and not from the expiration of the term in which the order was entered.
It further appears from the decision in Little, supra, that the only time the trial judge is vested with the exercise of a discretion under the provisions of the statute is in consideration of a motion to reinstate the cause. It is under this aspect of the statute that the plaintiff may develop any facts at his command which will establish just cause for having failed to' prosecute or why his case should not be dismissed. If the showing of just cause is well-founded in point of law, the trial court in its discretion may grant the motion and such discretion will not be disturbed on appeal except upon a clear showing of abuse.
Based upon the foregoing authorities, it is our view that since it affirmatively appears from the record in this case that no action was taken by the plaintiff in the prosecution of his cause for a period of one year, the defendant’s motion to dismiss the action on that ground should have been granted and the court’s failure to do so constituted error. The judgment appealed is accordingly reversed and the cause remanded with directions that an appropriate judgment of dismissal be rendered in accordance with the views expressed herein. We wish to make it clear, however, that such dismissal will be made pursuant to the provisions of the foregoing statute herein discussed, and thereafter plaintiff is privileged to file within the thirty days permitted by the statute, if he is so advised, a petition for reinstatement based upon whatever cause may be considered by him to be legally sufficient to justify such reinstatement.
Reversed.
SPECTOR, J., concurs.
RAWLS, J., dissents.

. F.S. § 45.19, F.S.A.

. Fulton v. Poston Bridge & Iron, Inc. (Fla.App.1960) 122 So.2d 240, 242, 243.

. Adams Engineering Co. v. Construction Products Corp. (Fla.1963), 156 So.2d 497.

. May Plumbing Co. v. State ex rel. Ervin (Fla.1957) 96 So.2d 126.

. Little v. Sullivan (Fla.1965) 173 So.2d 135, 136, 137.

. Green v. Bursten (Fla.App.1967) 197 So.2d 326; Newman v. Bennefeld (Fla.App.1967) 193 So.2d 482.

. Landfield v. Sherman (Fla.App.1967), 201 So.2d 819, August 22, 1967.