213 So.2d 445 (1968)
Rose POPKIN, Appellant,
v.
Edward CRISPEN, Appellee.
No. 1182.
District Court of Appeal of Florida. Fourth District.
July 31, 1968.
Rehearing Denied September 11, 1968.
*446 Richard Manas and Ellis S. Rubin, Miami Beach, for appellant.
Norman C. Roettger, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee.
NELSON, JAMES T., Associate Judge.
Appellant-plaintiff, Rose Popkin, appeals from a final order of dismissal entered by the court in favor of the defendant, Edward Crispen, dismissing with prejudice the plaintiffs' cause of action for lack of prosecution and for failure to comply with a prior order of the court relative to the prosecution of the action.
On March 2, 1962, the plaintiff, Rose Popkin, was operating a motor vehicle owned by herself in which the plaintiffs, Jack Popkin and Carol Popkin, were passengers. The said vehicle was involved in a collision with another vehicle which was owned and operated by the defendant, Edward Crispen. The accident occurred in the City of West Hollywood in Broward County, Florida. As a result of the accident the plaintiffs suffered personal injuries.
In April 1964 the plaintiffs through their legal counsel filed their complaint against the defendant charging him with negligence. Approximately two years later the defendant filed motion for default for plaintiffs' failure to pursue the cause for a period of one year pursuant to Section 45.19, F.S. 1959, F.S.A., and F.R.C.P. 1.35(e).
On June 23, 1966, the court denied the defendant's motion for default for failure to prosecute. The order denying defendant's motion stated that the plaintiffs' notice of hearing on the defendant's motion to dismiss avoided the dismissal under the statute. The order went on to say that the court will resolve all doubts on behalf of the plaintiffs but not without pointing out that failure to actively prosecute this cause may result in the dismissal in the future. The order went on to state:
"That Plaintiffs' counsel of record herein be and he is hereby ordered to attend either personally or by other counsel all future hearings to be set in this cause on and after the date of this Order.
"That upon failure of said counsel to so promptly attend, this cause shall be dismissed ex mero motu pursuant to Rule 1.35, Florida Rules of Civil Procedure and with prejudice."
On July 11, 1966, a hearing was held on defendant's motion to dismiss. The lower court dismissed the complaint with leave to amend within twenty days.
Plaintiffs within the twenty days allotted filed an amended complaint. Motion to dismiss the amended complaint was thereafter filed by defendant, and on August 30, 1966, plaintiffs filed a request for admissions. Defendant's motion to dismiss the amended complaint was noticed on September 26, 1966, for a hearing to be had on October 6, 1966.
On October 6, 1966, a hearing was had on defendant's motion to dismiss. Plaintiffs' counsel failed to appear and the trial court directed that an inquiry be made to the office of plaintiffs' counsel and was advised that no one would appear at the said hearing. The lower court issued its order that plaintiffs' counsel appear before the court on October 12, 1966, to show cause why the case should not be dismissed with prejudice.
Hearing was held on October 12, 1966, and plaintiffs' counsel of record did not appear, but another lawyer did appear for the plaintiffs. The excuse offered by plaintiffs was the fact that plaintiffs' counsel was engaged in a political campaign and therefore was unable to attend the hearing. The court commented upon the excuse given as follows:
"* * * This would be more persuasive were it not for the fact that Plaintiff had knowledge of these circumstances at the time he set the matter for *447 hearing on October 7, 1966; and were it not for the further fact that the Court received every assurance at the time of the hearing which led up to the Order of June 21, 1966 that counsel would henceforth be present at all hearings and would actively prosecute the cause.
"Unfortunately, it appears that the Court's trust and confidence in counsel has been misplaced. To indulge Plaintiffs any further in connection with this matter would be to visit an injustice upon the Defendant. Accordingly, it is the clear duty of the Court to require full compliance with its earlier Orders."
The order went on to dismiss the cause for lack of prosecution and for failure to comply with the prior order of the court relative to the prosecution of the action.
The primary determination for this court is whether the order entered by the trial court dismissing with prejudice the plaintiffs' cause of action for lack of prosecution and for failure to comply with the prior order of the court relative to the prosecution of the action constituted an abuse of discretion not justified under the circumstances of the case.
It should be noted that a ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. Adams Engineering Company v. Construction Products Corporation, Fla. 1963, 156 So.2d 497.
The appellants first contend that the failure of counsel to attend a hearing on a motion to dismiss is not grounds for dismissal.
An inspection of the order of dismissal from which this appeal is taken reveals that the dismissal was not based on, or related to, the grounds for dismissal in defendant's motion to dismiss. Rather, the basis for the dismissal appears from the lower court's demand that plaintiffs' counsel "show cause why this action should not be dismissed for lack of prosecution." The reason for this demand being that counsel for the plaintiffs was absent from a hearing on defendant's motion to dismiss.
Defendant had moved to dismiss for lack of jurisdiction over the person of the defendant, or insufficiency of process, or insufficiency of service of process. Plaintiffs then set down the motion to dismiss on these certain grounds. Plaintiffs did not appear to argue the certain grounds and in fact those certain grounds were not argued and not brought to issue. In failing to appear at such a hearing plaintiffs justifiably relied on the belief that the only grounds to be brought up would be those raised in defendant's motion. Instead, plaintiffs' counsel received an order to appear and to show cause why the action should not be dismissed  not on the grounds raised by the motion to dismiss but for lack of prosecution.
Since the only pending motion before the court was a motion to dismiss, we are of the opinion that the orderly process of litigation required only argument by the proponent of the motion, and the court therefore abused its discretion in requiring plaintiffs' attorney to appear on the motion to dismiss. We are not saying here that a court may never compel attendance of counsel at hearing. Florida courts have held that the failure to attend certain types of hearings will result in the dismissal of a cause of action with prejudice. See Goodwyn v. Leesburg Citrus Growers' Association, 1931, 101 Fla. 649, 135 So. 129; Bader Bros. Van Lines, Inc. v. Jay, Fla.App. 1966, 183 So.2d 867.
The plaintiffs next contend that under the applicable statutes relating to dismissal of actions for want of prosecution (F.S. Section 45.19, F.S.A.), which have been carried forward and incorporated in our rules of civil procedure relating to dismissal of actions, (F.R.C.P. 1.420(e), 30 F.S.A.), a civil action may not be dismissed for want of prosecution if it affirmatively appears from some action taken *448 within the past year that the case has been prosecuted. We cannot agree with the foregoing statute and rule as having the effects contended by the plaintiffs. We construe the rule that, if no affirmative action in the prosecution of a cause is taken within a period of one year, upon motion of any interested party the court has no discretion but to dismiss the action for want of prosecution. See Fritz v. Sroczyk, Fla.App. 1967, 202 So.2d 796. The rule does not mean, nor has it been construed to hold, that the trial court in the exercise of a sound discretion is without power or jurisdiction to dismiss an action under proper circumstances because of the failure of plaintiff to prosecute it with due diligence, even though affirmative action has been taken in the case within a period of one year prior to its dismissal.
Florida courts have consistently followed the general rules regarding the inherent power of the trial court to dismiss an action for failure of the plaintiff to prosecute it with due diligence. 24 Am.Jur.2d, Dismissal, Discontinuance and Nonsuit, § 59. See also 167 A.L.R. 1062.
In the case before us the lower court ordered the appellants on June 23, 1966, to "actively prosecute this case." We glean from the record that the plaintiffs in the three months following June filed an amended complaint. A request for admissions was filed and motion was set down and noticed for hearing. The plaintiffs also attended two hearings during this period. We are of the view that such action on the plaintiffs' part constituted sufficient diligence in the prosecution of the cause as to have precluded dismissal of the action.
Finally, we feel that, even if the court's order requiring attendance is considered to be proper, a dismissal for its non-compliance acted as a punishment of the plaintiffs for act of their counsel. The Supreme Court of Florida was faced with a similar "punishment" situation in Palm Shores, Inc. v. Nobles, 1941, 149 Fla. 103, 5 So.2d 52. In the Palm Shores case the plaintiff failed to answer interrogatories, and the circuit judge issued an order requiring the plaintiff to show cause why it should not be held in contempt for failure to file answers. The plaintiff did not appear before the court as required by the order. Thereupon, the plaintiff was held to be in contempt, and the cause was dismissed with prejudice. The Supreme Court, in holding such a dismissal as erroneous, stated,
"In this case the judgment of the court did not merely abate the proceedings until the plaintiff should purge itself of the judgment of contempt but it forever barred the door of the courts to the presentation by the plaintiff of his alleged cause of action. This denies the plaintiff of the due process of law and, therefore, the judgment, insofar as it dismisses the cause with prejudice, is reversed * * *."
We are of the opinion that the plight of the plaintiffs in the instant case is similar, although the infraction charged be not so severe. We feel that judicial restraint should be practiced in the courts' inherent power to dismiss actions for want of prosecution to the end that persons have the guarantee and privilege of having the merits of his cause adjudicated. Palm Shores, Inc. v. Nobles, supra.
For the reasons and upon the authorities hereinabove cited, it is our conclusion that the trial court in granting defendant's motion to dismiss for lack of prosecution and for failure to comply with the prior order of his court was an abuse of his judicial discretion.
Accordingly, the final order of dismissal is reversed and the cause is remanded for further proceedings consistent with the views herein stated.
Reversed and remanded.
*449 CROSS, J., concurs.
McCAIN, J., dissents with opinion.
McCAIN, Judge (dissenting).
I must respectfully dissent. This action was commenced in April 1964. The record, prepared at the direction of plaintiffs, reveals that the only action taken by plaintiff over the next two years was to notice a hearing on defendant's motion to dismiss. Plaintiffs' counsel did not appear at that hearing. I agree that this action by plaintiffs was technically adequate to prevent an automatic dismissal under Section 45.19, F.S. 1959, and F.R.C.P. 1.35(e) (now Rule 1.420(e)). But I cannot overlook the trial court's finding that it entertained serious doubt that plaintiffs were actively prosecuting the action in good faith.
As the majority correctly points out a trial court may in its discretion dismiss an action for failure to prosecute with due diligence even though some affirmative action has been taken within a year. Reddish v. Forlines, Fla.App. 1968, 207 So.2d 703; Fritz v. Sroczyk, Fla.App. 1967, 202 So.2d 796. The court might well have exercised this discretion and granted the motion for default in the 23 June 1966 order, even though dismissal was not obligatory. Instead the trial court denied the motion for default but warned plaintiffs' counsel that further indication of a want of good faith and due diligence would result in dismissal.
Subsequently and pursuant to entry of an order dismissing the complaint but with leave to amend, plaintiffs did file an amended complaint and a request for three admissions. To this, a motion to dismiss was filed by defendant followed by a notice of hearing prepared by plaintiffs' counsel. When plaintiffs' counsel did not appear at the further hearing the court issued a rule to show cause why the action should not be dismissed for failure to actively prosecute.
In my opinion the court was warranted in demanding continued evidence of good faith after the passage of approximately two years, with only the most token prosecution. The issue is not so much whether plaintiffs' counsel must attend hearings on an opponent's motion as it is whether the court has the power to take steps to assure good faith diligent prosecution of lawsuits. The order requiring counsel to attend all future hearings is unusual only if the history of the case is ignored. At a time when dismissal would certainly not have been an abuse of discretion the court exercised admirable restraint and merely warned counsel. The warning was ignored and even then the court gave plaintiffs a last chance to appear and show good faith. The only excuse was that one of the attorneys who had participated in the suit was involved in a political campaign. Nearly two and one-half years had elapsed since the complaint was first filed with only minimal prosecution. Plaintiffs' counsel was twice given an opportunity to establish his good faith and each time failed. I would hold that the trial court did not abuse its discretion and therefore affirm.