253 So.2d 712 (1971)
Sadie B. SHALABEY, As Administratrix of the Estate of Charles H. Shalabey, Deceased, Appellant,
v.
MEMORIAL HOSPITAL OF the SOUTH BROWARD HOSPITAL DISTRICT et al., Appellees.
No. 70-984.
District Court of Appeal of Florida, Fourth District.
October 27, 1971.
*713 Robert M. Sturrup, of Faircloth, Sturrup & Della-Donna, Fort Lauderdale, and William J. George, Pompano Beach, for appellant.
James B. Chaplin, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, Fort Lauderdale, for appellee Memorial Hospital.
Dieter K. Gunther, of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellees Hollander Roberts and Atkin.
MAGER, Judge.
Plaintiff appeals a final order in favor of defendants dismissing plaintiff's complaint for want of prosecution under the provisions of Rule 1.420(e), F.R.C.P., 30 F.S.A. The record reflects that plaintiff filed her complaint on April 21, 1967. The record further reflects that the last action taken by the filing of pleadings by any party occurred on October 10, 1969.
On October 10, 1970, the trial court, sua sponte, prepared and entered a motion to dismiss for want of prosecution and notice of hearing thereon to be held on October 27, 1970. The record further reflects that the court's motion was filed, for record on *714 October 12, 1970. On October 21, 1970, plaintiff filed her response to the motion to dismiss and a notice of trial. The court's final order of dismissal was entered and filed on October 27, 1970.
Plaintiff contends that the computation of the one year period prescribed by Rule 1.420(e) is determined by the date on which the trial court entered its motion; so that when the court entered its motion on October 10, 1970, one year had not as yet elapsed since the filing of the last pleading on October 10, 1969, thereby rendering the trial court's motion premature. Plaintiff, in effect, urges that the court's filing of this motion on October 12, 1970, is not significant; instead what is significant is the date the court entered its order, to wit: October 10, 1970, at which time the plaintiff asserts that the one year period had not as yet elapsed.
Rule 1.420(e), F.R.C.P., provides as follows:
"(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion." (Emphasis added.)
In computing the time within which a thing must be done under this rule, the day on which the last pleading is filed is not counted. Based on this formula the one year period began on October 11, 1969, and extended through and including October 10, 1970.
We agree with the plaintiff that on October 10, 1970, the one year period had not as yet expired. However, we cannot accept plaintiff's contention that the court's action was premature. It is our view that the court's motion had no legal significance until it was filed on October 12, 1970; and it is immaterial to the computation of the one year period that the trial court may have been mistaken as to the exact computation on the day the motion was entered. The determinative factor in regard to the computation of the one year period is the date of filing, i.e., the date the last pleading was filed and the date of filing of the action seeking to abate the proceedings. If the record shows no affirmative action for more than one year between these two filing dates the proceeding is subject to abatement.
Obviously there must be some method by which the one year period can be measured with some degree of certainty. It would seem that this time period can best be determined if the filing date of the last action and the filing date of the action seeking to abate are the guideposts.
In making such determination it makes little difference whether an action to abate is commenced by a party or by the court. It is necessary, however, that affirmative action must be taken to secure abatement just as affirmative action must be taken to prevent abatement. In other words, Rule 1.420(e) is not self-executing or automatic; the rule has been interpreted as requiring a moving party to affirmatively seek dismissal and such action must be undertaken before there is any further prosecution of the cause. Pollack v. Pollock, Fla.App. 1959, 110 So.2d 474.
At the time the trial court filed its motion to dismiss on October 12, 1970 more than one year had elapsed so that plaintiff's subsequent filing of a notice of trial on October 21, 1970, was of no legal effect insofar as the tolling of the one year period is concerned.
It is pertinent that we also observe that plaintiff places undue emphasis upon the one year period contained in Rule 1.420(e). In so doing, plaintiff overlooks the proposition that Rule 1.420(e) "does not mean, nor has it been construed to hold, that the *715 trial court in the exercise of a sound discretion is without power or jurisdiction to dismiss an action under proper circumstances because of the failure of plaintiff to prosecute it with due diligence, even though affirmative action has been taken in the case within a period of one year prior to its dismissal." Popkin v. Crispen, Fla.App. 1968, 213 So.2d 445, 448, cert. den. Fla., 222 So.2d 748. (Emphasis added.) The Florida courts have consistently recognized the inherent power of the trial court to dismiss an action for failure of the plaintiff to prosecute it with due diligence notwithstanding the one year period mentioned in Rule 1.420(e). On this latter ground alone, the order of the trial court can be sustained unless such order of dismissal constitutes an abuse of discretion. Popkin v. Crispen, supra.
It should be additionally observed that the following general principle would nevertheless be applicable to the disposition of this appeal whether or not affirmative action was taken within one year prior to the court's dismissal:
"It should be noted that a ruling on a motion for order of dismissal for failure to prosecute is subject to attack only on the ground that it constitutes an abuse of discretion, and this heavy burden must be borne by the losing party. Adams Engineering Company v. Construction Products Corporation, Fla. 1963, 156 So.2d 497." (Popkin v. Crispen, supra, at 447).
We are of the opinion that computation of the time prescribed in Rule 1.420(e) is to be determined by measuring the time between the date of filing of the last affirmative action and the date of filing of the proceedings to abate. Applying the foregoing to the case sub judice we find that the record reflects no action having been taken for a period of one year. Irrespective of the one year period or the method of computing such period we are of the opinion that the trial court possesses the inherent power to dismiss an action for failure to prosecute with due diligence. Applying either theory or rationale to the case sub judice we are of the opinion that the plaintiff has not carried the burden of demonstrating that the order of dismissal constituted an abuse of discretion.[1]
Affirmed.
REED, C.J., and OWEN, J., concur.
NOTES
[1] The "good cause" requirement of Rule 1.420(e) to prevent abatement relates to those factors and circumstances that would serve to mitigate or excuse the failure to prosecute with due diligence whether for a period of one year or less. Plaintiff's allegations directed to the computation of time and the filing of a response on the theory that such response was timely, do not reflect those factors which are normally considered in determining whether "good cause" has been demonstrated.