PER CURIAM.
Defendants appeal an order denying their motion to vacate order rescinding judgment of dismissal (for lack of prosecution) and granting plaintiff’s motion to continue action.
On November 5, 1974 plaintiff, Government National Mortgage Association, filed a mortgage foreclosure action against defendants, Leroy and Millie Brown. The Browns, who are receiving federal aid subsidies on their mortgage as a low income family under the National Housing Act, filed a third-party complaint against James Lynn as Secretary of the U. S. Dept, of Housing and Urban Development and others. The cause was removed to the federal district court and on August 25, 1975, upon motion of third-party defendants, the third-party complaint was dismissed and the federal court remanded the case to the state court. In September 1974 the parties entered into a repayment plan to enable the defendants to bring the mortgage to a current status.
On April 1, 1976 the circuit court on its own motion issued a judgment directing the action be dismissed unless good cause was shown and if no showing of good cause was made, the action would stand dismissed for lack of prosecution without further order of court. Plaintiff filed a motion to continue reciting the federal court proceedings as the reason for lack of prosecution and also the fact defendants had defaulted under the repayment plan. The court entered an order granting the motion to continue and rescinded its judgment of dismissal. Upon being notified of the above order, defendants filed a motion to vacate and after hearing argument of counsel, the court denied the motion. We affirm.
We find that the federal court proceedings constituted good cause and the trial judge did not abuse his discretion in rescinding the judgment of dismissal. See Popkin v. Crispen, 213 So.2d 445 (Fla. 4th DCA 1968); English v. Hecht, 189 So.2d 366 (Fla. 3d DCA 1966).
Affirmed.