207 So.2d 703 (1968)
Linda P. REDDISH, a Minor, through Isham H. Reddish, Her Father and Next Friend, and Isham H. Reddish, Individually, Appellants,
v.
George Douglas FORLINES, Appellee.
No. J-203.
District Court of Appeal of Florida. First District.
March 7, 1968.
*704 John J. Sulik, of Dawson, Galant, Maddox, Boyer, Sulik & Nichols, Jacksonville, for appellants.
No Appearance for appellee.
WIGGINTON, Chief Judge.
Plaintiffs have appealed a final judgment dismissing their action for want of prosecution. Appellants contend that the judgment of the trial court constitues an abuse of discretion not justified under the facts and circumstances of the case, and for that reason should be reversed.
Appellants filed their complaint on April 28, 1967, seeking damages for injuries sustained in a vehicular collision resulting from the alleged negligence of defendant. Simultaneously with the filing of the complaint a summons was issued to defendant and placed in the hands of the sheriff for service. Because defendant had moved from the jurisdiction of the court, the sheriff was unable to perfect service of process on him.
On June 7, 1967, approximately five weeks after the cause was filed and the summons was issued, the trial judge directed a communication to appellants' counsel asking whether he was unable to obtain service of the summons on defendant. On the following *705 day appellants' counsel replied to the court's inquiry, advising that he was unable to obtain service of process because of an inability to learn where defendant was presently living. He advised that the agent for defendant's insurance carrier denied knowing where defendant could be located but counsel was skeptical as to whether this information was reliable.
On June 12, 1967, the sheriff filed his return to the summons stating that after diligent search defendant was not to be found within the bounds of the county.
On July 5, 1967, the trial judge directed a written communication to appellants' attorney notifying him that unless it was shown to the court on or before July 11, 1967, that the action would be promptly prosecuted to a final disposition, an order dismissing the action for want of prosecution would be entered.
In response to the foregoing notice appellants' counsel promptly filed in the cause a written objection to the court's announcement of its intention to dismiss the cause for want of prosecution. In this objection appellants' attorney pointed out that efforts to locate defendant both by the sheriff and by himself had proved to no avail because defendant had moved from his last known address; that prior to the institution of the suit appellants' attorney had conducted negotiations with defendant's insurance carrier; that the carrier's representative in the county was on vacation but immediately upon his return therefrom his deposition would be taken for the purpose of ascertaining defendant's present address so that service of process could be made upon him; that a subpoena had been issued to the carrier's representative to appear for the giving of his deposition at a hearing to be held on July 19, 1967, twelve days hence. On the day appellants' objection to the court's announced intention to dismiss the cause was filed, appellants caused to be issued by the clerk of the court a witness subpoena and subpoena duces tecum directed to the insurance carrier's representative and requiring him to appear for the giving of his deposition on July 19, 1967. A notice of taking the representative's deposition was on that date served on counsel for the insurance carrier.
Before the day for taking the insurance representative's deposition arrived, the trial judge, on July 11, 1967, without further notice, sua sponte entered the judgment appealed herein by which he dismissed the action for the stated reason that no showing had been made to the court on or before that date that the action would promptly be prosecuted to final disposition.
Appellants' first point on appeal takes the position that under the applicable statute relating to dismissal of actions for want of prosecution,[1] which has been carried forward and incorporated in our rules of civil procedure relating to dismissal of actions,[2] a civil action may not be dismissed for want of prosecution if it affirmatively appears from some action taken within the past year that the case was being prosecuted. We cannot agree that the foregoing statute and rule have the effect contended for by appellants. It is our construction of the rule that if no affirmative action in the prosecution of a cause is taken within a period of one year, upon motion of any interested party the court has no discretion but to dismiss the action for want of prosecution. This is the conclusion reached by this court in its recent decision rendered in the case of *706 Fritz v. Sroczyk.[3] The rule does not mean nor should it be so construed to hold, that the trial court, in the exercise of a sound discretion, is without power or jurisdiction to dismiss an action under proper circumstances because of the failure of plaintiff to prosecute it with due diligence, even though affirmative action has been taken in the case within a period of one year prior to its dismissal.
In the judgment of dismissal appealed herein the trial judge stated that his action was taken upon the authority of the hereinafter-cited decisions rendered by the Supreme Court of Florida. The first decision cited in the court's judgment is that of State ex rel. Croker v. Chillingworth.[4] In this case the sole question presented on appeal was whether a trial court had the power and jurisdiction to reinstate on the trial docket an action which had, during a preceding term of court, been dismissed for want of prosecution. No question as to the trial court's power or jurisdiction to dismiss the case in the first instance was either presented or ruled upon. Nevertheless, during the course of its opinion, the Supreme Court opined:
"It is an inherent right of the court, and therefore one existing independently of the statute, to dismiss a suit for a failure to prosecute it with due diligence. * *"
Such statement of principle quoted above was nothing less than obiter dictum and wholly unnecessary to a proper disposition of the question presented to the court for decision.
The remaining two decisions of the Supreme Court relied upon by the trial court to support its judgment of dismissal are those of Commercial Credit Corporation v. Boswell[5] and Hassenteufel v. Howard Johnson, Inc.[6] In each of the cited cases the only issue before the Supreme Court for decision was whether the dismissal of a civil action with prejudice for lack of prosecution is an adjudication on the merits to the extent of barring a subsequent suit brought on the same cause of action. In each case the court held that it was not, but in the course of its opinions it picked up and quoted the dictum of the Croker case, supra, in which it repeated:
"It is an inherent right of the court, and therefore one existing independently of the statute, to dismiss a suit for a failure to prosecute it with due diligence. * * *"
The right of the trial court in the Commercial Credit Corporation and Hassenteuful cases to dismiss the actions for lack of prosecution was not involved in either of the cases, but as it did in Croker, the Supreme Court repeated as dictum a statement of legal principle unrelated to the question before it. While neither the dictum in Croker, nor its repetition as dictum in the court's subsequent decisions, is sufficient to raise the statement of legal principle to the dignity of binding precedent, we nevertheless find it to be a correct statement of the law if qualified in the respects hereinafter mentioned.
The author of American Jurisprudence, in discussing the power of a trial court to dismiss an action for want of prosecution, says:
"As a general rule an action may be dismissed or a nonsuit granted because of the plaintiff's failure to appear and prosecute his case, or for his failure to prosecute his case diligently. * * * Such a provision for dismissal for want of prosecution is applicable at the pleading state of the case. Its obvious purpose is to prevent unnecessary harassment and delay in litigation.

*707 "Aside from such a statute or rule of practice the power of trial courts to dismiss a case for failure to prosecute with due diligence is generally considered inherent and independent of any statute or rule of court; such power is necessarily vested in them to manage their own affairs so as to achieve orderly and expeditious disposition of cases. * * *
"* * * In the absence of any statute or rule of court guiding its action, the question is addressed to the sound judicial discretion of the trial court, whose ruling will not be disturbed in the absence of anything to indicate abuse of discretion in this respect. A motion to dismiss for want of prosecution should not be granted if at the time of the motion plaintiff is diligently prosecuting his claim, even though at some prior period of time he had been guilty of gross negligence or neglect. Except where a statute or rule prescribes the time within which an action must be brought on for trial or be subject to dismissal, length of time alone is not a test of due diligence in prosecuting a pending action; the question must be determined by all the facts and circumstances of each case."[7]
The courts of Florida have followed the foregoing rules regarding the inherent power of the trial court to dismiss an action for failure of plaintiff to prosecute it with due diligence. In Macfarlane v. Hills[8] the Supreme Court held that if the plaintiff neglects or refuses to bring all the defendants into court upon proper issues and such neglect or refusal is inexcusable, the complaint should be dismissed or terms imposed on the plaintiff, and in default of compliance the complaint should stand dismissed as to the moving defendant or defendants. And in Maloy v. Bristow[9] a trial court's order dismissing an action for want of prosecution was affirmed on appeal by the Third District Court of Appeal upon the showing that when the case came on for trial and final hearing the plaintiff was unwilling to proceed with the prosecution of her cause.
With regard to the inherent power of the trial court to dismiss an action for failure to prosecute because of delay in securing service of process, the author of American Jurisprudence says:
"In the exercise of its inherent power to dismiss a case for failure to prosecute with due diligence, the trial court may dismiss an action where there has been a failure, for an unreasonable period of time after the filing of the complaint, to have the summons issued, or a failure to renew a summons by procuring the issuance of an alias summons thus causing a `hiatus or chasm' in the chain of process such as results in a discontinuance under the common-law rule, or where, after the issuance of the summons, there has been an unreasonable and inexcusable delay in serving it. * * *"[10]
It is to be noted that the above-quoted principle authorizing dismissal for lack of due diligence in procuring service of process is confined to those instances where there has been an unreasonable and inexcusable delay in having the summons served by the proper authority.
In the case sub judice appellants had issued a witness subpoena and a subpoena duces tecum to the representative of defendant's insurance carrier, and had given notice of the taking of the representative's deposition, all in an effort to ascertain the present whereabouts and place of address of defendant in order that he might be served with process. We are of the view that such action on appellants' part constituted sufficient diligence in the *708 prosecution of the cause as to have precluded dismissal of the action before the time had arrived for the appearance of the witness and the taking of his deposition. In the case of Owens v. Ken's Paint and Body Shop[11] an order dismissing an action for lack of prosecution was reversed when it appeared that within one year prior to the order of dismissal plaintiff had filed a notice of taking of deposition of defendant who had removed himself from the jurisdiction of the court, thereby preventing plaintiff from completing necessary discovery proceedings in the case. The order of dismissal was held to be an abuse of discretion.
Similarly, this court in Rosenfeld v. Glickstein[12] held that the pendency of a notice served by plaintiff to take a deposition in the case for the purpose of discovery constituted affirmative action, and if taken within one year prior to the filing of the motion to dismiss the action for lack of prosecution would preclude a dismissal on that ground.
In the case sub judice there was a time lapse of only ten weeks between the filing of the complaint and the dismissal of the action by the trial judge for want of prosecution. The judgment of dismissal was rendered by the court of its own motion at a time when the notice of taking a deposition was pending for the purpose of discovering the whereabouts and present place of address of the defendant in order that process might be served on him, all of which had been made known to the court prior to the dismissal. Under these facts it is our view that the judgment of dismissal was prematurely rendered and constituted an abuse of discretion. From the record it does not affirmatively appear that appellants were guilty of a lack of due diligence in the prosecution of their cause, and the court's finding to the contrary is not supported by the record.
It is highly commendable for a trial judge to exercise diligence in causing the dockets of his court to be made current, and to insist that the attorneys practicing before him render that quality of service calculated to promote the efficient and orderly disposition of the court's business. We are convinced that it was conscientious endeavor on the part of the trial judge in the case sub judice to fully discharge his judicial obligations which motivated the rendition of the judgment here appealed. Our conclusion in this case must not be construed as looking with disfavor upon the efforts of a trial judge to operate his court in an efficient manner and to require diligence on the part of the attorneys practicing before him. We do feel, however, that judicial restraint should be practiced in the exercise of the court's inherent power to dismiss actions for want of prosecution, to the end that persons may not be wrongfully deprived of their constitutional right to a remedy by due course of law for any injury done them in their land, goods, person, or reputation.[13] Although speed in the disposition of litigation is desirable, it should be accomplished in an orderly manner and without undue sacrifice of the rights of the litigants.
For the reasons and upon the authorities hereinabove cited, it is our conclusion that the trial court erred in dismissing this action under the circumstances shown by the record. The judgment of dismissal is accordingly reversed and the cause remanded for further proceedings.
SPECTOR, J., concurs.
RAWLS, J., specially concurs.
*709 RAWLS, Judge (specially concurring).
The conclusion reached by a majority of this Court in the cited case of Fritz v. Sroczyk is in my opinion erroneous for the reasons stated in my dissent therein. Otherwise, I concur in the foregoing opinion and judgment.
NOTES
[1] F.S. § 45.19, F.S.A.
[2] Rule 1.420(e), R.C.P., 30 F.S.A.

"Failure to Prosecute. All actions in which it does not affirmatively appear from some action taken by filing of pleadings, order of court or otherwise that the same is being prosecuted for a period of one year shall be deemed abated for want of prosecution and shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after notice to the parties; provided that actions so dismissed may be reinstated on motion for good cause, such motion to be served by any party within one month after such order of dismissal."
[3] Fritz v. Sroczyk (Fla.App. 1967), 202 So.2d 796.
[4] State ex rel. Croker v. Chillingworth, 106 Fla. 323, 143 So. 346, 347.
[5] Commercial Credit Corporation v. Boswell, 108 Fla. 213, 146 So. 199.
[6] Hassenteufel v. Howard Johnson, Inc. of Fla. (Fla. 1951), 52 So.2d 810.
[7] 24 Am.Jur.2d 49-51, Dismissal, Discontinuance and Nonsuit, § 59; see also 167 A.L.R. 1062.
[8] Macfarlane v. Hills, 50 Fla. 566, 39 So. 994.
[9] Maloy v. Bristow (Fla.App. 1962), 138 So.2d 801.
[10] 24 Am.Jur.2d 51, Dismissal, Discontinuance and Nonsuit, § 60.
[11] Owens v. Ken's Paint and Body Shop (Fla.App. 1967), 196 So.2d 17.
[12] Rosenfeld v. Glickstein (Fla.App. 1967), 200 So.2d 242.
[13] Declaration of Rights, § 4, Florida Constitution, F.S.A.