241 So.2d 180 (1970)
R.J. PAQUETTE AVIATION ENTERPRISE, INC., Appellant,
v.
C.B. PHILLIPS, INC., a Florida Corporation, Appellee.
No. 70-383.
District Court of Appeal of Florida, Fourth District.
November 18, 1970.
Ray Sandstrom, of Sandstrom & Hodge, Fort Lauderdale, for appellant.
James J. Blosser, of English, McCaughan & O'Bryan, Fort Lauderdale, for appellee.
OWEN, Judge.
The defendant in a statutory distress proceeding has brought this interlocutory appeal from an adverse summary judgment on its counterclaim.
Involved in the case is an airplane hangar building at the Fort Lauderdale-Hollywood International Airport, located upon land owned by and leased from Broward County. Appellant, R.J. Paquette Aviation Enterprise, Inc., a corporation, was in possession under a written lease with C.B. Phillips, Inc., a corporation, as lessor. The latter brought this action for distress alleging that appellant was indebeted in the sum of $9,801.17 for rent payable in money together with costs and attorneys' fees. Appellant filed an answer which denied the indebtedness, and also filed a counterclaim, the subject of this appeal.
Essentially, the counterclaim alleged that defendant and plaintiff had entered into an oral agreement whereby the parties would purchase the hangar building from Bush Aviation, Inc., the plaintiff paying Bush $25,000 in cash, and the defendant paying Bush $10,000 by promissory note secured by chattel mortgage; that in order to facilitate the transfer of titles and assignments of leases the parties agreed that the plaintiff would take title to the building and the rights to leases thereon, and that the defendant would go into actual possession under a sublease and operate a general aircraft overhaul, maintenance and repair facility; that as part of the agreement the plaintiff would place a certain aircraft owned by it into the repair facility for the purpose of the defendant installing thereon new turbine engines, the engines and engineering plans for the installation to be furnished by the plaintiff; that upon completing the installation of the new turbine engines the defendant was to receive as payment for such services a conveyance of the plaintiff's interest in the hangar building free and clear of any lien or encumbrance whatsoever; that notwithstanding the defendant's having performed by executing and delivering the $10,000 promissory note to Bush and by executing a sublease for the premises and commencing the operation of the repair facility, the plaintiff had breached the contract by failing and refusing (1) to place its aircraft in the facility, and (2) to furnish the turbine *181 engines and engineering plans for the agreed installation. Defendant sought damages and specific performance of the plaintiff's agreement to convey the hangar building to the defendant.
On the basis of the deposition of R.J. Paquette, president of R.J. Paquette Aviation Enterprise, Inc., and the affidavit of Claire B. Phillips, president and sole stockholder of C.B. Phillips, Inc., plaintiff moved for summary judgment in its favor on the counterclaim. The defendant moved for a summary judgment in its favor on the counterclaim supported by the affidavit of Charles E. Bush who was president of Bush Aviation, Inc. at the time of the sale of the hangar building. From these sources the following facts were disclosed: The negotiations to buy the hangar building from Bush Aviation, Inc. Involved Claire Phillips and her husband Charles Phillips, individually, and R.J. Paquette, individually. The purchase price was $35,000, of which the $10,000 promissory note to Bush Aviation was executed and delivered by R.J. Paquette as an individual. Claire Phillips was the president and sole stockholder of C.B. Phillips, Inc. There was no agreement in writing between the plaintiff corporation and the defendant corporation for sale of the hangar building, which had a value greatly in excess of $5,000.
The parties are in accord that the hangar building is personal property which has a value greatly in excess of $5,000. Therefore, initially we must consider whether F.S. 1967, section 671.1-206, F.S.A. is applicable, and if so, the extent to which it would bar the counterclaim. This statute, a part of the Uniform Commercial Code, reads as follows:
"671.1-206. Statute of frauds for kinds of personal property not otherwise covered.

"(1) Except in the cases described in subsection (2) of this section a contract for the sale of personal property is not enforceable by way of action or defense beyond five thousand dollars in amount or value of remedy unless there is some writing which indicates that a contract for sale has been made between the parties at a defined or stated price, reasonably identifies the subject matter, and is signed by the party against whom enforcement is sought or by his authorized agent.
"(2) Subsection (1) of this section does not apply to contracts for the sale of goods (§ 672.2-201) nor of securities (§ 678.8-319) nor to security agreements (§ 679.9-203)."
The personal property, i.e., the hangar building, is not within any of the categories listed in subsection (2) of the statute, hence subsection (1) would be applicable. This subsection was designed, in fact, to provide a special statute of frauds for subjects not covered by other sections of the Code. 1 Anderson UCC 48.
However, unlike the ordinary statute of frauds which requires a writing if a contract is to be enforceable at all, this section permits the enforcement of an oral contract up to the specified maximum of $5,000. 1 Anderson UCC 2d 183. Thus, even though the record before us discloses no writings sufficient to satisfy the requirements of this section of the Code, the alleged oral contract for the sale of this subsection (1) personal property can be enforced as a claim or asserted as a defense up to a value of $5,000.
Appellee correctly points out that on the state of the record as it was presented to the court for consideration of the motion for summary judgment, the negotiations for and purchase of the hangar building, and the execution and delivery of the $10,000 promissory note, were all acts of Claire B. Phillips, Charles Phillips, and R.J. Paquette, respectively, as individuals, none of the evidence showing that either the corporate plaintiff or the corporate defendant were in anywise involved. We think that the facts do not preclude a reasonable inference that the defendant corporation is either the alter ego or the *182 assignee of R.J. Paquette, individually, and that the plaintiff corporation is either the alter ego or the assignee of Claire B. Phillips, individually. These remain factual issues which should not be determined by the court on summary judgment on the present state of the record.
The existence of these factual issues become material in view of the construction which we have placed upon F.S. 1967, section 671.1-206, F.S.A. We therefore reverse the summary judgment and remand this case for further proceedings.
In passing, we note appellant's argument that the purchase of the hangar building with a secured note of the defendant would essentially create a resulting trust in its favor, citing Grapes v. Mitchell, Fla. 1963, 159 So.2d 465, as authority that the statute of frauds would be inapplicable under such circumstances. While we have here indulged in a rather broad inference that the defendant corporation may be either the alter ego or assignee of R.J. Paquette, individually, the pleadings as they now stand do not allege (nor ask the court to find) a resulting trust. Our decision is without prejudice to appellant, upon remand, to apply to the trial court for leave to amend its pleadings as it may be advised.
Reversed and remanded.
McCAIN and REED, JJ., concur.