WHITE, JOSEPH S.,
Associate Judge.
This case was here once before. See R. J. Paquette etc. v. C. B. Phillips, Inc., Fla.App.1970, 241 So.2d 180.
Presently the case is before this court on defendant’s appeal from an order of the trial court dismissing defendant’s counterclaim for failure to prosecute. In the former proceeding before this court a summary judgment by the trial court against this same counterclaim was reversed. The result was to reinstate the counterclaim and remand the case for further proceedings. The mandate went down January 20, 1971.
Appellant had not superseded the order of the trial court and, pending the appeal, plaintiff obtained a jury verdict against defendant, appellant here, on its complaint *230 in the sum of $19,600.00. The trial court withheld entry of judgment on the verdict pending disposal of the counterclaim in the appellate court.
Upon reference to the court’s opinion in the former appeal, it will be noted that the case was remanded “without prejudice to appellant, upon remand, to apply to the trial court for leave to amend its pleading as it may be advised.” However, appellant chose to stand on the original counterclaim and nothing was done until April 5, 1971, when plaintiff below moved for dismissal of the counterclaim for failure to prosecute it and for entry of judgment on the verdict. Upon hearing, the counterclaim was dismissed for “want of diligent prosecution.” The trial court cited Reddish v. Forlines, Fla.App.1968, 207 So.2d 703, as authority for its action. This is the order now under review.
No attack is being made at this time on the judgment entered by the lower court on the trial held when the appeal was pending in this court and no question is raised now by appellant regarding the efficacy of that judgment as an enforceable obligation. The sole question presented is: should the counterclaim have been dismissed for failure to prosecute it?
Civil Procedure Rule 1.420, 30 F.S.A. covers dismissal of civil actions. Subsection (e) provides that a suit is subject to dismissal where it appears that “no action has been taken by filing of pleadings, order of court, or otherwise for a period of one year.” It will be noted here that the counterclaim was dismissed for failure to prosecute before expiration of one year.
Regarding this provision of the Rule, this court, in Popkin v. Crispen, Fla.App.1968, 213 So.2d 445, said that “under proper circumstances" (emphasis added) a trial court had authority to dismiss an action for failure to prosecute “even though affirmative action has been taken in the case within a period of one year prior to its dismissal.
When one informs himself of the “circumstances” in that case and in the other cases on the subject, namely: Reddish v. Forlines, supra, and Shale v. Fla. Times-Union, et al, M.D.Fla.1968, 291 F.Supp. 407, one readily sees that the cases, wherein this right to depart from the rule has been exercised, are clearly distinguishable from the present one. We find no such circumstances here which justified departure from the letter of the rule.
It is possible that the trial court concluded that the effect of this court’s decision on the former appeal was to require the defendant to amend the counterclaim.
If such a debatable view is to be taken of the matter, it should be noted that no time for amending was fixed by this court. In that case, and on account of the debatable character of such a conclusion, the trial court, on hearing the motion to dismiss the counterclaim, should have fixed some definite time in the future for making the amendment. Only after default in that particular should the counterclaim have been dismissed.
Reversed.
WALDEN and MAGER, JJ., concur.