284 So.2d 193 (1973)
KOPPERS COMPANY, INC., a Delaware Corporation, Petitioner,
v.
VICTOIRE DEVELOPMENT CORPORATION, a Florida Corporation, et al., Respondents.
No. 42396.
Supreme Court of Florida.
October 10, 1973.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for petitioner.
James C. Paine, of Jones, Paine & Foster, West Palm Beach, for respondents.
CARLTON, Chief Justice:
By petition for certiorari, we have for review a decision of the District Court of Appeal, Fourth District (261 So.2d 211), which conflicts with a prior decision of the District Court of Appeal, First District, (Reddish v. Forlines, 207 So.2d 703) (Fla. App. 1st 1968) on the same point of law. We have jurisdiction pursuant to Fla. Const., Art. V, § 3(b)(3), F.S.A.
In October 1968, respondent Victoire Development Corp. filed a complaint against petitioner, Koppers Company, Inc., and three co-defendants, co-respondents here. Koppers was never served with process by Victoire, although co-respondent Palm Beach Woodwork Company filed a cross-claim against Koppers on July 12, 1971. Koppers has responded to the cross-claim, but has taken no action as regards the main suit, and Victoire has taken no action whatsoever as regards Koppers.
Accordingly, Koppers moved to dismiss the original action by Victoire in September 1971 on the grounds that Victoire had never taken any affirmative action against Koppers and was subject to dismissal pursuant to Rule 1.420(e), RCP, 30 F.S.A., which provides:
"All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion."
*194 Regardless of any activity in the cross-claim by Palm Beach Woodwork against Koppers, it cannot be contested that there has been no activity involving Koppers in the main suit at all, over a period of several years. This being the case, Rule 1.420(e), RCP, is obviously applicable.
The trial judge entered an order which provided:
"This cause was duly presented by counsel after notice, and upon consideration thereof, IT IS ORDERED AND ADJUDGED that the Motion to Dismiss filed by Defendant, KOPPERS COMPANY, INC., (docket entry number 35) shall be granted in the event the Plaintiff does not secure service within twenty (20) days from the date of this Order."
Koppers appealed to the District Court of Appeal, Fourth District, urging that the trial court erred in rendering a conditional order rather than unconditionally granting the Motion to Dismiss for Lack of Prosecution. The District Court affirmed the trial court, per curiam.
Although the issue is not identical to that of the case sub judice, the District Court of Appeal, First District, laid down the rule in Reddish v. Forlines, supra, that:
"[I]f no affirmative action in the prosecution of a cause is taken within a period of one year, upon motion of any interested party, the court has no discretion but to dismiss the action for want of prosecution." 207 So.2d 703 at 705.
Although the Rule we are concerned with was somewhat different at the time Reddish was decided, the difference is not important here. The earlier rule provided for reinstatement of a cause of action within one year upon good cause shown; the present rule provides only that a dismissal may be forestalled on a showing of good cause. Both versions, however, stated that under specific circumstances an action "shall be dismissed."
The First District Court, in Reddish held that this language was mandatory, not permissive; and we agree. In the instant case, therefore, if no good cause had been shown why the action should have remained pending, it should have been dismissed unconditionally.
Accordingly, the decision of the District Court of Appeal, Fourth District, is quashed and this cause is remanded for further proceedings not inconsistent herewith.
It is so ordered.
ADKINS, BOYD, McCAIN and DEKLE, JJ., concur.