**CENTER v. CENTER.**

No. 70-218-CA.

Circuit Court, St. Lucie County.

May 22, 1974.

Errol S. Willes of Willes, Bittan & Willes, Fort Pierce, for the husband.

Raymond VanderZeyde of VanderZeyde & Pierce, Miami Shores, for the wife.

JAMES E. ALDERMAN, Circuit Judge.

*Opinion and order:* A final judgment dissolving the marriage between the parties hereto was entered by the court on May 21, 1970. A written separation agreement, admitted into evidence at the final hearing, was incorporated by reference in the final judgment and the parties ordered to comply with the provisions thereof.

Subsequently, on February 26, 1973, the wife filed a petition to set aside the separation agreement. On March 16, 1973, the husband moved to dismiss this petition for failure to state a cause of action and upon other grounds. A notice of hearing was filed on April 5, 1973, by the wife's attorney, calling up for hearing the husband's motion to dismiss before Judge Wallace Sample on April 13, 1973.

There is no indication in the file that this hearing was held, however, on April 18, 1973, a letter was filed from the Honorable D. C. Smith, chief judge of the nineteenth judicial circuit, advising

that Judge Sample had disqualified himself and instructing the clerk to re-assign the case to Judge C. Pfeiffer Trowbridge.

Nothing further appears in the file until April 19, 1974, one year and one day later, when the husband's attorney filed his motion to dismiss for lack of prosecution. The motion to dismiss for lack of prosecution was heard by Judge James E. Alderman on April 24, 1974. Subsequent thereto, pursuant to stipulation, both parties have filed affidavits and memorandums.

The wife concedes that no action had been taken by filing of pleadings, order of the court, or otherwise for a period in excess of one year, however, she contends she has shown good cause why the action should remain pending.

The matter is controlled by Rule 1.420 (e) of the Florida Rules of Civil Procedure, which provides as follows —

> "(e) *Failure to Prosecute.* All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion by any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion."

In her affidavit, the wife states that on or about March 19, 1973, she learned that one of the minor children of parties was using drugs. This child was enrolled in a drug rehabilitation program in Broward County. While the child was enrolled in the program, for approximately three months, she travelled from Fort Pierce to Fort Lauderdale at least twice each week. A second child of the parties was enrolled in the drug rehabilitation program on July 8, 1973. The wife alleges that during the time both children were involved in the drug rehabilitation program, she devoted her entire attention to the rehabilitation of the children and her attendance at the meetings and extensive travel occupied almost all of her time and energies. She states that her sole concern was that her children not return to the use of drugs and that this concern necessitated her full physical and emotional attention towards this end and that she did not intend to delay the prosecution of her petition for any reason except for her concern for the welfare of her children.

The husband, in his affidavit, points out that both parents were going to Fort Lauderdale during the initial intensive portion of the drug rehabilitation program. However, on July 15, 1973, a drug

rehabilitation center was opened in Fort Pierce and thereafter the children were transferred to the program in Fort Pierce. Their son was unconditionally released from the program in August, 1973, as was their daughter in November, 1973.

The issue then is whether the wife has shown good cause why the husband's motion to dismiss for want of prosecution should not be granted. Both parents are to be commended for their concern and devotion to the welfare of their children. Both apparently have contributed to the rehabilitation of the children and from the facts gleaned from their respective affidavits, it appears their efforts were successful. The court can understand and appreciate the wife's determination to do what she considered most important. In her affidavit she states that she could not conduct the battle against drugs and the legal proceedings instituted against her husband at the same time without prejudicing either cause. That well may be the case, however, there were other steps that could have been taken by the wife or her counsel which would have prevented dismissal of her petition for lack of prosecution. There was pending a motion to dismiss filed by the husband which for one year was not set down for hearing. The wife's attendance would not have been necessary at a hearing on this motion. Wife's counsel made no effort to have this motion set down for hearing. No motion for continuance was ever filed by the wife or her counsel so the court had no opportunity to grant an extension of time. Not until more than one year had passed and the husband had moved for dismissal for lack of prosecution did the wife bring to the court's attention her problem.

The law in Florida is clear that if no affirmative action in the prosecution of a cause is taken within a period of one year, upon motion of any interested party, the court must dismiss the action for want of prosecution unless there has been good cause shown why the action should remain pending. Koppers Company, Inc. v. Victorire Development Corp., Fla., 284 So.2d 193. Determination of the "good cause" sufficient to prevent a dismissal for lack of prosecution requires the exercise of sound judicial discretion. However, this cannot be an arbitrary or unrestrained discretion. Accepting the wife's affidavit at face value and resolving all conflicts between her affidavit and the affidavit submitted by the husband in her favor, the fact remains that the wife could and should have taken some action to preserve her cause of action. The court concludes that the wife has failed to show good cause why the action should remain pending, therefore, the husband's motion to dismiss for failure to prosecute be and the same is hereby granted and the wife's petition is dismissed.