302 So.2d 800 (1974)
The CROUSE-HINDS COMPANY, Appellant,
v.
Elmer L. CAPELLIA, Jr., Appellee.
No. 74-525.
District Court of Appeal of Florida, Fourth District.
October 31, 1974.
Rehearing Denied December 3, 1974.
Douglas R. Padgett and John G. Poole, Jr., Papy, Levy, Carruthers & Poole, Coral Gables, for appellant.
Terry N. Freeman, Beverly & Freeman, West Palm Beach, for appellee.
OWEN, Chief Judge.
On interlocutory appeal, one of the defendants seeks review of an order denying its motion to dismiss for lack of prosecution.
The plaintiff's original complaint was filed on April 21, 1971. Appellant is a foreign corporation not authorized to transact business in the State of Florida. Plaintiff apparently attempted several times to obtain service upon appellant and twice amended his complaint in an effort to plead matters which would permit substituted service of process under either Section 48.181, F.S. or 48.193, F.S., apparently to no avail. The last such effort in this respect occurred on May 30, 1972 and appellant's motion to dismiss for lack of prosecution was filed January 4, 1974. It is the order denying this latter motion which is appealed.
It is our opinion that appellant was entitled to be dismissed under the provisions of Rule 1.420(e), RCP. Plaintiff-appellee points to the fact that between May 30, 1972 and January 4, 1974, it actively prosecuted this cause of action against another defendant (General Electric Corporation) in contending that this case is within the rationale of Eastern Elevator, Inc. v. Page, Fla.App. 1971, 250 So.2d 326, cert. disch., Fla., 263 So.2d 218. However, the Eastern Elevator case is readily distinguishable upon the fact that in that case the court had acquired jurisdication over the parties so that the "action" taken by one of the defendants in filing written interrogatories addressed to the plaintiff was a positive step "calculated to hasten suit to judgment" as to all defendants. Such is not the case here as to the defendant-appellant *801 over whom jurisdiction has yet to be obtained. The present case would be governed by Koppers Company, Inc. v. Victoire Development Corp., Fla. 1973, 284 So.2d 193.
The order appealed is reversed and this cause remanded for entry of an order consistent herewith.
Reversed and remanded.
CROSS and MAGER, JJ., concur.