343 So.2d 847 (1976)
H.G. SMITH D/B/a H.G. Smith Realty, Appellant,
v.
ST. GEORGE ISLAND GULF BEACHES, INC., a Dissolved Florida Corporation et al., Appellees.
No. DD-36.
District Court of Appeal of Florida, First District.
November 17, 1976.
William L. Camper of Huey & Camper and David P. Hopstetter, Tallahassee, for appellant.
Gene D. Brown of Brown, Pelham, McDonnell & Hart, Elaine N. Duggar of Richardson Law Offices, P.A., and Sam Spector, Tallahassee, for appellees.
SMITH, Judge.
Smith, plaintiff in the trial court, appeals from an order dismissing his action against appellees Atkinson and Wilson for want of prosecution. Rules 1.420(e), R.C.P., and 4.2a, F.A.R. Other defendants in the Smith action, John Stocks, St. George Island Gulf Beaches, Inc., and Leisure Properties Ltd., a limited partnership, have cross-assigned error in the trial court's denial of their similar motion to dismiss.
*848 The Smith action seeks recovery of a broker's commission allegedly contracted for by appellee St. George in connection with sale of its land to cross-appellant Stocks or his principal, cross-appellant Leisure. Smith seeks the same recovery alternatively against cross-appellant Leisure on grounds that its assets acquired from St. George should "in equity and good conscience" be subjected to the debt; alternatively against cross-appellants Stocks and Leisure on grounds one of them was unjustly enriched by deducting the earned commission from the purchase price paid St. George; alternatively against cross-appellants St. George, Leisure and Stocks and appellees Atkinson and Wilson, stockholders of St. George, for conspiracy to defraud appellant of his commission; and alternatively against all but St. George for malicious interference with St. George's contractual relations with appellant.
There was no record activity in the Smith action for more than a year. The question on Smith's appeal is whether the trial court, in dismissing the action against Atkinson and Wilson, overlooked nonrecord activity sufficient to prevent their dismissal. And, on the cross-appeal, the question is whether the trial court erroneously regarded nonrecord activity between Smith's and Stocks' counsel sufficient to preserve Smith's action not only against Stocks but also against St. George and Leisure. Therefore, the issue is whether nonrecord activity may be sufficient to prevent dismissal of plaintiff's complaint as to three jointly-sued defendants, but insufficient to prevent its dismissal as to two others.
The nonrecord activity on which Smith relies is his participation during the year as a party defendant in other litigation over the same brokerage commission. Shellie Rowell, Smith's former employee, filed that action to recover his share of the disputed brokerage commission from Smith and Stocks on grounds it was either owed by Stocks or wrongfully relinquished by Smith.
The trial court evidently found, and we agree, that purposeful activity involving Smith's and Stocks' counsel in the Rowell action tended to advance the Smith action toward disposition in the same sense that nonrecord exchange of information and evidence may be said to advance an action. See Musselman Steel Fabricators, Inc. v. Radziwon, 263 So.2d 221 (Fla. 1972); Eddings v. Davidson, 302 So.2d 155 (Fla.App. 1st, 1974); Leverenz v. Schmieder, 294 So.2d 690 (Fla.App. 3d, 1974), cert. den. Fla., 305 So.2d 203. Even if initiative in the Rowell activity lay with Stocks' counsel, participation by Smith's counsel was not passive but purposeful. Eastern Elevator, Inc. v. Page, 263 So.2d 218 (Fla. 1972). We regard it as irrelevant that the purpose of advancing the Smith action by activity in the Rowell case was Smith's purpose alone, not Stocks'. Stocks' motion to dismiss for lack of prosecution was properly denied.
Having found nonrecord activity by Smith's and Stocks' counsel, the trial court preserved Smith's action not only against Stocks but also against St. George and Leisure, in which Stocks was a principal stockholder and partner. Neither St. George nor Leisure was party to the Rowell action, although their lawyer in the Smith action represented Stocks in both actions. Evidently the trial court considered that the lawyer's common representation and the business relationship of Stocks, St. George and Leisure effectively extended the influence of activity in Rowell through Stocks to St. George and Leisure, defendants only in Smith. The associational theory did not serve, in the trial court's view, to save Smith's action against Atkinson and Wilson.
It is ironic and perhaps characteristic of human endeavor of this kind that a Rule designed to relieve the judiciary of concern for inactive litigation should itself produce such a spate of litigation, full of labored analyses of activity and nonactivity. We think it inappropriate to compound the question by distinguishing between those parties who were touched by nonrecord activity and those who were not. We conceive that any nonrecord activity between Smith's and Stocks' counsel which tended to advance the Smith action sufficed to save it not only against Stocks and his associated *849 business entities but also against Atkinson and Wilson, who were jointly sued. Rule 1.420(e) speaks of the dismissal of actions, not parties, for nonprosecution; and in Eastern Elevator, supra, it was recognized that action by one defendant within the year was sufficient to foreclose dismissal at the instance of another defendant. Stated another way, plaintiff's obligation is only to show progress in the case, not progress between himself and each defendant. DeVaney v. Rumsch, 247 So.2d 69 (Fla.App. 1st, 1971). To be distinguished are decisions which consider as separate and unique the interests of nominal defendants not served with process or otherwise brought within the court's jurisdiction. Koppers Co., Inc. v. Victoire Devel. Corp., 284 So.2d 193 (Fla. 1973); Crouse-Hinds Co. v. Capellia, 302 So.2d 800 (Fla.App. 4th, 1974).
To the extent that the order appealed dismisses Smith's action, it is
REVERSED, otherwise AFFIRMED.
MILLS, Acting C.J., and McCRARY, ROBERT L., Jr., Associate Judge, concur.