COBB, WARREN H., Associate Judge,
dissenting:
In this cause the trial court dismissed for lack of prosecution. Although it is not apparent from the face of the order or the final judgment of dismissal entered by the trial court, it is clear from the record, the briefs and oral argument of counsel that *347 the dismissal was argued to, and considered by, the trial court on the basis of the inherent power of the court, acting as a matter of discretion, as opposed to a mandatory dismissal pursuant to Fla.R.Civ.P. 1.420(e).[1] Therefore, this case should be reviewed from that perspective.
It is clear that the trial court had inherent power to dismiss for failure to diligently prosecute independent of any rule of court. Nicholson v. Eli Lilly and Co., 285 So.2d 648 (Fla. 3d DCA 1973); Shalabey v. Memorial Hospital of South Broward Hospital District, 253 So.2d 712 (Fla. 4th DCA 1971); Popkin v. Crispen, 213 So.2d 445 (Fla. 4th DCA 1968); and Reddish v. Forlines, 207 So.2d 703 (Fla. 1st DCA 1968). See also 24 Am.Jur.2d Dismissal, Discontinuance and Nonsuit § 59 and 167 A.L.R. 1062.
The record herein reveals that the appellant, as plaintiff, filed complaint on June 11, 1970. Various motions were filed and hearings held in regard to the complaint; an amended complaint was allowed to stand in May 1971. On June 21, 1971, the appel-lees, as defendants, filed their answer. Thereafter, in 1971 and 1972, three attempts by defendants to depose plaintiff, who apparently suffered some mental or physical infirmity, were thwarted by protective orders. During this period, plaintiff filed requests for admission on June 30, 1972. These were objected to and the objections were denied on August 3, 1972. In September 1972 the defendants took the depositions of two witnesses.
After a hearing on October 5, 1972, on plaintiff’s motion for a protective order, which was granted, the case apparently languished until October of 1973, at which time an additional law firm appeared of record for plaintiff and the defendants moved to dismiss for failure to prosecute. At the same time, one of the defendants objected to interrogatories served upon it by plaintiff on October 11, 1973.
Almost another year then elapsed until, on September 16, 1974, the plaintiff moved to compel answers to the 1973 interrogatories.
The following year, on September 10, 1975, a suggestion of the plaintiff’s incompetency was filed and a motion was made to substitute the guardian of his property as party plaintiff. This motion, together with the motion to compel and the motion to dismiss for failure to prosecute, were all noticed for hearing to be held on September 17, 1975. Subsequent thereto, on September 29, 1975, the trial court entered an order “that the motion to dismiss shall be granted.” Judgment of dismissal, following motion for rehearing, was filed on December 17, 1975, from which this appeal ensued.
As a consequence of the posture in which this case is presented, the issue may be stated in succinct fashion: did the trial court abuse its inherent discretion in dismissing this cause?
It was pointed out by this court in Pop-kin, supra, and again in Shalabey, supra, that a trial court’s discretionary dismissal for failure to diligently prosecute creates a heavy burden which must be borne on appeal by the losing party.
In my view the appellant, who gave only spasmodic annual attention to this cause in the trial court over a four year period, clearly has not met that burden. I would affirm.

. This provision was amended effective January 1, 1977 to provide that mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute.