BASKIN, Judge.
We affirm the trial court’s dismissal of the cause for lack of prosecution, first, because the record discloses no “record activity” which would compel us to find error. Despite the fact that the issuance of *541 a pluries summons directed to a third party which appears on the clerk’s docket may be denominated “record activity”, Biscayne Construction Co. v. Metropolitan Dade County, 388 So.2d 329 (Fla. 3d DCA 1980), no such “record activity” appears in this proceeding. The unserved alias summons was not filed until after the trial court entered its order of dismissal, and the un-served June 8, 1979 summons, although filed August 14,1979, was not issued during the year preceding the order of dismissal. In its order denying rehearing, the trial court found:
1) A complaint was filed June 8, 1979.
2) A summons was issued on Defendant Brock June 8,1979; returned unserved on June 13, 1979.
3) The Defendant insurance company was served process on June 18, 1979, and a Motion to Dismiss and/or Motion to Stay was filed by said Defendant on June 29, 1979.
4) A summons was issued June 8, 1979 for Eric Cossin and returned unserved June 25, 1979; filed for record August 14, 1979.
5) An alias capias was issued on Defendant Cossin August 14, 1979 and returned unserved on August 27, 1979. The unserved summons was not filed for record until August 11, 1980 — one year after issuance.
6) The Court’s Order of ■ Dismissal was entered on July 28,1980 and filed July 29, 1980.
On those facts, we affirm the dismissal of this cause.
Second, we find no error in the dismissal for lack of prosecution because no good cause was presented to the court explaining why the action should remain pending. Fla.R.Civ.P. 1.420(e).[1] We reject the contention presented by appellants that the mere issuance of the alias summons constituted “record activity” establishing good cause to preclude dismissal. The trial court could not consider items not contained in the record at the time it dismissed the cause and, at the hearing held subsequent to dismissal, appellants could offer nothing to indicate good cause for retaining the action on the court’s calendar. See American Eastern Corp. v. Henry Blanton, Inc., 382 So.2d 863 (Fla. 2d DCA 1980). An action cannot advance toward trial unless the court has jurisdiction over the party sued. The Crouse-Hinds Co. v. Capellia, 302 So.2d 800 (Fla. 4th DCA 1974). We affirm the dismissal.

. Fla.R.Civ.P. 1.420:
(e) Failure to Prosecute. All actions in which it appears on the face of the record that no activity by filing of pleadings, order of court or otherwise has occurred for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing, at least five days before the hearing on the motion, why the action should remain pending. Mere inaction for a period of less than one year shall not be sufficient cause for dismissal for failure to prosecute. Amended effective Oct. 1, 1968 (211 So.2d 206); Jan. 1, 1977 (339 So.2d 626).
Committee Note
1976 Amendment. Subdivision (e) has been amended to prevent the dismissal of an action for inactivity alone unless one year has elapsed since the occurrence of activity of record Non-record activity will not toll the one year time period.
We recite, with approval, Judge Smith’s prescient analysis of the impact of this Rule in Smith v. St. George Island Gulf Beaches, Inc., 343 So.2d 847 (Fla. 1st DCA 1976):
It is ironic and perhaps characteristic of human endeavor of this kind that a Rule designed to relieve the judiciary of concern for inactive litigation should itself produce such a spate of litigation, full of labored analyses of activity and nonactivity.
343 So.2d at 848.